# United States Court of Appeals

## For the First Circuit

---

No. 04-2682

NAI QING XU,

Petitioner,

v.

ALBERTO GONZALES, Attorney General,[*]

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

---

Before

Boudin, <u>Chief Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Howard, <u>Circuit Judge</u>.

---

<u>Wei Jia</u>, on brief for petitioner.
<u>Eugenia M. Carris</u>, Assistant United States Attorney,
and <u>Michael J. Sullivan</u>, United States Attorney, on brief for
respondent.

---

September 16, 2005

---

[*]Alberto Gonzales was sworn in as United States Attorney
General on February 3, 2005. We have therefore substituted Attorney
General Gonzales for John Ashcroft as the respondent. See
Fed.R.Civ.P. 25(d)(1); Fed. R.App. P. 43(c)(2).

**STAHL, <u>Senior Circuit Judge</u>**. Petitioner Nai Qing Xu seeks review of a decision of the Board of Immigration Appeals (BIA) affirming a denial of his application for asylum and withholding of removal. Finding no error, we affirm.

## I. Background

The Immigration Judge (IJ) who heard his initial petition determined that Xu was not credible and therefore did not rely on Xu's account in reaching his decision. On appeal, however, the BIA determined that, "[e]ven if we were to find the respondent credible, we would nonetheless agree with the Immigration Judge that the respondent failed to meet his burden of proof." In setting forth the facts of the case, we, like the BIA, presume Xu's truthfulness, and recite the facts as he represented them in his petition.

Xu is a native and citizen of the People's Republic of China. He was born on November 18, 1980, in Lianjiang, China. After attending school from 1989 to 1997, he began working as a clerk in a store in his hometown. He was still employed at the store when, in June of 2001, he joined other members of his community at a local voting site where the village leadership was to be elected; the contest was between the incumbent chief, whom Xu seems to have supported, and an underworld challenger whose candidacy Xu opposed. At the site, Xu protested the unfairness of the electoral process, exclaiming, "What is this all about, this is not an election, let's

go home." So saying, he and a group of other disaffected voters left the voting site.

The challenger, apparently displeased by Xu's performance, expressed that displeasure by sending a squad of thugs to the store at which Xu worked, where the intruders beat him, though not severely enough that he required hospitalization, and threatened to close down the store if he dared to open it again. As a result of the threat and the beating, Xu was scared to stay in his hometown, and believed that, because of the trouble he had caused, he would have difficulty getting the local government to sign off on certain documentation he needed, with the result that, wherever in China he went, he "couldn't do anything." Xu fled to an adjacent town, eventually resolving to come to the United States. After an abortive attempt to depart via Thailand, Xu returned to China, finally making his way out of the country on a falsified passport, traveling from mainland China to Hong Kong, to the Netherlands, to Suriname, and from there to the United States.

Xu arrived on United States territory on October 20, 2001. Within hours of disembarking from a speedboat on the island of St. John in the U.S. Virgin Islands, Xu was caught and detained by agents of what was then the Immigration and Naturalization Service (INS). The INS commenced removal proceedings against him on November 15 of the same year. Xu conceded removability but

requested asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

On July 17, 2003, an IJ denied all relief. The IJ determined that Xu was not credible and had presented little probative evidence beyond his oral testimony. On that basis the IJ ruled that Xu had not met his burden of proof with respect to any of the claimed grounds for relief. Xu timely appealed the IJ's asylum and withholding of removal determinations to the BIA. On November 16, 2004, the BIA affirmed the IJ's decision, holding that Xu's account, even if true, did not justify granting asylum or withholding of removal because he had failed to meet his burden of proof. Xu petitioned this court for review of the BIA's decision.

## II. Discussion

Here, Xu argues 1) that the determination of the IJ that he was not credible is reviewable by this court and was in error. He also argues 2) that the BIA erred in its holding that he failed to meet his burden of proof with respect to whether he held a well-founded fear of future persecution, contending a) that the BIA should have considered whether he had suffered from past persecution, and b) that it erred in finding he had not directly proved a well-founded fear of future persecution.[1]

---

[1]Xu's initial petition for relief included a request for withholding of removal and for protection under the CAT, but Xu did not appeal the IJ's denial of his CAT claim to the BIA and does not now challenge the BIA's denial of his request for withholding of removal. Those issues are not before us, and we consider only Xu's

## A. Standard of Review

We uphold decisions of the BIA with respect to asylum if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Settenda v. Ashcroft, 377 F.3d 89, 93 (1st Cir. 2004) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)) This standard is known as the "substantial evidence" standard. It is only by way of shorthand that we speak of "substantial evidence," however, when the issue presented, as here, is whether an agency was justified in finding that a petitioner failed to carry his burden of proof, since the agency's determination in such a case is based, not on substantial evidence supporting its decision, but on a petitioner's failure to provide evidence that would support a holding in his favor. In these circumstances, what we call "substantial evidence" review permits us to reverse "only if the petitioner's evidence would compel a reasonable factfinder to conclude that relief was warranted." Id.

## B. The IJ's Credibility Determination

Xu asks this court to require the BIA to make an express holding as to an asylum petitioner's credibility, or, where none has been made, to review the IJ's decision for the reasonableness of his credibility determination. We cannot and need not review the credibility determination of the IJ, however, because the BIA has

asylum claim.

explicitly disclaimed that the IJ's adverse credibility determination was part of the basis for the its holding. The BIA opinion is explicit that its holding that Xu did not meet his burden of proof would stand even if it had accepted Xu's story as true. (As we noted above, the BIA determined that, "[e]ven if we were to find the respondent credible, we would nonetheless agree with the Immigration Judge that the respondent failed to meet his burden of proof.") Because the BIA's decision did not turn on Xu's credibility, the BIA did not have to, and did not, make its own determination of Xu's credibility. Where the BIA does not adopt an IJ's opinion but instead makes an independent, superceding decision, we review the decision of the BIA, and not that of the IJ. Njenga v. Ashcroft, 386 F.3d 335, 338 (1st Cir. 2004). Because the BIA made no determination of Xu's credibility in reaching its decision, Xu's credibility is not an issue here.

## C. Fear of Persecution

A petitioner hoping to receive asylum in the United States bears the burden of establishing his eligibility by proving that he qualifies as a refugee. 8 U.S.C. § 1158(b)(1). This may be done in either of two ways: "(1) by demonstrating a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, or (2) by proving past persecution on account of one of the aforementioned grounds, which entitles an applicant to a

-6-

presumption of a well-founded fear of persecution." <u>Diab</u> v. <u>Ashcroft</u>, 397 F.3d 35, 39 (1st Cir. 2005) (citing 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(b)). The BIA did not address the question whether Xu proved past persecution, but found that Xu had failed to directly prove a well-founded fear of future persecution. Xu now claims that the BIA erred both in failing to address past persecution, and in finding him to have fallen short of proving a well-founded fear of future persecution.

### i. Past Persecution

The IJ considered only whether Xu had established directly that he suffered a well-founded fear of future persecution, and did not address the sufficiency of Xu's claims of past persecution to establish a presumption that his fear of future persecution was well-founded. The BIA did not address the omission, and Xu now claims that it should have. The BIA was under no such obligation, however, because Xu did not argue the point to the BIA in his appeal from the IJ's decision, and so waived the issue.

"Issues not raised before the Board may not be raised for the first time upon judicial review of the Board's decisions." <u>Ravindran</u> v. <u>I.N.S.</u>, 976 F.2d 754, 761 (1st Cir. 1992). In determining whether an appeal of a particular issue from the BIA's decision has been preserved, we read the record "in the light most favorable to petitioner." <u>Id.</u>

Xu presented the BIA with the question, "Whether Respondent has a well-founded fear for [*sic*] future persecution?" While noting that a well-founded fear could be established either directly or presumptively through evidence of past persecution, Xu never argued to the BIA that in his case his past persecution justified a presumption that his fear of persecution on his return was well-founded. Mere notation of the applicable law, without any argumentation as to how it applies to a petitioner's case, does not raise the issue of its application. Xu's contention as to the legal effect of any persecution he experienced in the past was therefore not raised before the BIA, and so may not be raised here.

### ii. Direct Demonstration of a Fear of Persecution

All that remains is whether the BIA properly determined that Xu had not offered sufficient direct proof that he had a well-founded fear of persecution in China that would justify offering him asylum. We consider both whether the BIA's opinion was sufficiently clear to support our review, and the not-unrelated question whether the BIA's decision, if reviewable, was supported by the record or whether the petitioner's evidence should have compelled it to hold otherwise.

Although the BIA's opinion was brief and summary in tone, we find it sufficiently clear to permit meaningful review. We recently reiterated that "we may remand ... if the BIA's opinion fails to state with sufficient particularity and clarity the

-8-

reasons for denial of asylum." Halo v. Gonzales, No. 05-1076, 2005 WL 1970795, at *3 (1st Cir. Aug. 17, 2005) (quoting Gailius v. INS, 147 F.3d 34, 46 (1st Cir. 1998) (internal quotation marks omitted). In Halo, the BIA affirmed an IJ's denial of asylum in an opinion markedly similar to the one it issued here, disclaiming reliance on the IJ's adverse credibility determination and briefly indicating that the petitioner had nevertheless failed to satisfy his burden of proof. The BIA must indeed set forth the basis for its determination "with such clarity as to be understandable," id. (quoting Gailius, 147 F.3d at 44), and here as in Halo the BIA opinion was brief and summary. When considering whether the clarity of an administrative decision is sufficient to support our review, however, we are not blind to the context in which the decision is made or oblivious of the record on which it is based.

We held in Halo that, where the administrative record of a case could easily be thought to compel a conclusion contrary to the one reached by the BIA, it is incumbent on the agency to give some reasoned explanation for the conclusion it reached. Here, because the danger Xu claimed he feared at home was so slight, the facts speak for themselves, and could not easily be thought to compel the BIA to find that Xu feared persecution at home. The BIA's short opinion satisfied our procedural requirements.

For the same reason, the facts did not compel the BIA to rule differently than it did in Xu's case, and so Xu's substantive

claim that his case compels reversal of the BIA's decision fails. In order to demonstrate a well-founded fear of persecution on one of the relevant grounds by direct proof, a petitioner must satisfy the BIA both that his fear is genuine, and that it is reasonable. Mediouni v. I.N.S., 314 F.3d 24, 27 (1st Cir. 2002). Xu himself admitted that he could return to his country without any fear of being hunted down, and the BIA cited that admission in determining that he was not, in fact, afraid: "We specifically note the respondent's testimony stating that no one will look for him if he returns and that one of the reasons he left was because he could not receive 'documentation.' These statements contradict the respondent's alleged fear of harm." Because the BIA's opinion is not deficient, and because Xu's evidence would not "compel a reasonable factfinder to conclude that relief was warranted," Mediouni, 314 F.3d at 27, we will not disturb the determination of the BIA.

## III. Conclusion

For the reasons stated above, we affirm the decision of the BIA.

The petition for review is **<u>denied</u>**.