**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 05-1336

SAMNANG SEN,

Petitioner,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Martin J. McNulty on brief for petitioner.
Hillel R. Smith, Attorney, Office of Immigration Litigation,
Peter D. Keisler, Assistant Attorney General, and Terri J. Scadron,
Assistant Director, on brief for respondent.

October 26, 2005

**Per Curiam**.  This is a petition for review of the denial of asylum.[1]  Petitioner, a native and citizen of Cambodia had sought asylum on the ground that he had been persecuted in the past on the basis of his membership in particular social groups, namely, the Khmer People National Liberation Front ("KPNLF"), the Democratic Liberal Buddhism Party ("DLBP"), and the Sam Rainsey Party ("SRP"), all of which opposed the incumbent Hun Sen regime, and that he feared that, if he returned to Cambodia, he would be immediately arrested and probably killed because of his active membership in the SRP.  Where, as here, the Board of Immigration Appeals ("BIA") has summarily affirmed the decision of the Immigration Judge ("IJ"), we review the findings and conclusions of the IJ.  Keo v. Ashcroft, 341 F.3d 57, 60 (1st Cir. 2003).  Finding no error in the IJ's decision that the petitioner is statutorily ineligible for asylum, we deny the petition.

To be entitled to asylum, an applicant bears the burden of proving that he is a "refugee."  See 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1); 8 C.F.R. § 1208.13(a); see also Xu v. Gonzales, 424 F.3d 45, 48 (1st Cir. 2005).  To do that, the applicant must

---

[1]The Immigration Judge also denied petitioner's claims for withholding of removal and for relief under the Convention Against Torture ("CAT").  However, because petitioner did not press those claims on appeal to the Board of Immigration Appeals and did not raise his CAT claim or develop his withholding of removal claim in his brief to this court, those claims are therefore waived.  See Un v. Gonzales, 415 F.3d 205, 210 (1st Cir. 2005); Harutyunyan v. Gonzales, 421 F.3d 64, 65 (1st Cir. 2005).

demonstrate either a well-founded fear of future persecution on account of a protected ground, such as membership in a particular social group, or past persecution on account of such a ground, which entitles the applicant to a presumption of a well-founded fear of future persecution.  See 8 C.F.R. § 1208.13(b); see also Xu, 424 F.3d at 48.

Establishing past persecution is a "daunting task," Diab v. Ashcroft, 397 F.3d 35, 39 (1st Cir. 2005).  To make such a showing, the applicant must provide "conclusive evidence" that he has suffered persecution on a protected ground, Romilus v. Ashcroft, 385 F.3d 1, 6 (1st Cir. 2004); conclusory allegations are not sufficient, Negeya v. Gonzales, 417 F.3d 78, 83 (1st Cir. 2005).  Because "persecution" is not a defined term, "it is in the first instance the prerogative of the Attorney General, acting through the BIA, to give content to it."  Bocova v. Gonzales, 412 F.3d 257, 262 (1st Cir. 2005).  Although the BIA does so on a case-by-case basis, id. at 263, it is clear that, "'to qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering,'" Ziu v. Gonzales, 412 F.3d 202, 2204 (1st Cir. 2005) (quoting Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000)).

Where an applicant has not proved past persecution and therefore does not benefit from a presumption of future persecution, the applicant must satisfy both a subjective and an

-3-

objective test to prove a well-founded fear of future persecution. Diab, 397 F.3d at 39. "'The subjective test requires the applicant to prove his fear is genuine, while the objective test requires a showing by credible and specific evidence that this fear is reasonable.'" Id. (quoting Mukamusoni v. Ashcroft, 390 F.3d 110, 119 (1st Cir. 2004)).

We review administrative asylum decisions under the "highly deferential 'substantial evidence' standard. Harutyunyan v. Gonzales, 421 F.3d 64, 67 (1st Cir. 2005). Where, as here, "the agency's determination . . . is based, not on substantial evidence supporting its decision, but on a petitioner's failure to provide evidence that would support a holding his favor. . ., 'substantial evidence' review permits [the court] to reverse 'only if the petitioner's evidence would compel a reasonable factfinder to conclude that relief was warranted.'" Xu, 424 F.3d at 48 (quoting Settenda v. Ashcroft, 377 F.3d 89, 93 (1st Cir. 2004)).

Under those deferential standards, we must deny the petition. The record evidence does not compel the conclusion either that petitioner was persecuted in the past or that he has an objectively reasonable fear of being persecuted in the future.

As to past persecution, the IJ reasonably concluded that the incidents cited by the petitioner do not rise to the level of "persecution" for purposes of asylum eligibility. Although the petitioner cites three incidents of having a gun pointed at him and

-4-

one incident of receiving a threatening letter, he was not harmed in any of those confrontations, and the threat was not particularly credible and was never fulfilled even though petitioner remained in Cambodia for two and a half years after receiving it.  See Ziu, 412 F.3d at 205 (finding that two episodes of physical abuse not resulting in serious injury and various threats "do not amount to persecution under our case law"); cf. Un, 415 F.3d at 209-10, 210 n.3 (holding that verbal death threat could amount to persecution, where a credible friend confirmed that the threateners were planning to kill the petitioner).  Petitioner's general allegations that he was often threatened by Hun Sen's followers and followed by the secret police are not sufficiently specific to fulfill his burden of providing "conclusive" and "specific" evidence of persecution.  See Topalli v. Gonzales, 417 F.3d 128, 132 n.5 (1st Cir. 2005).

Nor does the evidence compel a finding that the incidents where petitioner was held at gunpoint were motivated by his political party membership.  At the first such confrontation, the soldiers stated that they had stopped petitioner's van because of a curfew violation; and at the second, they stated that petitioner and others had violated "local law."  In the third incident, no reason was given.  Given the absence of even circumstantial evidence of motive, the IJ was free to reject petitioner's

-5-

speculation that the incidents were motivated by his party membership. Ziu, 412 F.3d at 205.

As to future persecution, even assuming, as the IJ implicitly did, that petitioner's fear of future persecution is subjectively sincere, the evidence does not compel a finding that petitioner's fear is objectively reasonable. The IJ reasonably concluded that petitioner would not be viewed as a party activist, based on petitioner's own testimony that he had no rank or position in the SRP but was merely a member and had ceased his active involvement in party activities after the 1998 elections and on the fact that he was viewed as a government employee, which facilitated his movement around the country, even after he had left his government position. Furthermore, the 2002 State Department Country Condition Report indicates that political parties normally were able to conduct their activities freely without government interference; that political violence associated with the February 2001 local elections was directed primarily at party activists and candidates rather than mere members, see Khem v. Ashcroft, 342 F.3d 51, 54 (1st Cir. 2003); that the Government took action against many alleged perpetrators of election-related violence; and that the SRP won 1,346 local council seats, thus gaining some control over the country's local governance, id. The IJ properly relied on that report in concluding that petitioner's fear of future persecution was not objectively reasonable. Negeya, 417 F.3d at

84-85.  That conclusion is further supported by the fact that petitioner reported no further problems after March 1998 although he remained in Cambodia for more than two years after that.

Accordingly, the petition is <u>denied</u>.