# United States Court of Appeals
## For the First Circuit

No. 05-1961

ANDLEY BOBBY BOAKAI, a/k/a JOE TAIVO LAESOLEE,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General of the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before
Torruella, Lynch, and Howard, <u>Circuit Judges</u>.

<u>David J. Apfel</u>, with whom <u>Gina M. Atwood</u> and <u>Goodwin Procter LLP</u> were on brief, for petitioner.
<u>David M. McConnell</u>, with whom <u>Michael J. Sullivan</u>, United States Attorney, and <u>Michael Sady</u>, Assistant United States Attorney, were on brief, for respondent.

April 27, 2006

**LYNCH**, <u>Circuit Judge</u>.  On February 27, 2002, the Board of Immigration Appeals (BIA) ordered that Andley Bobby Boakai, a native and citizen of Liberia, be removed from this country because he had not met his burden to show he was eligible for relief under the Convention Against Torture (CAT).  More than a year later, Boakai filed with the BIA an untimely motion to reopen his case on the ground that he had been provided ineffective assistance of counsel.  The BIA rejected the motion to reopen as untimely filed without reaching the merits of the ineffective assistance claim.  Boakai now seeks review of the BIA's orders denying CAT relief and reopening.  He argues that we must order the BIA to consider the motion to reopen on the merits, and that this consideration will compel a finding of ineffective assistance, in turn requiring the BIA to reopen the case and perhaps ultimately to grant him CAT relief.

Concluding that we lack jurisdiction to review any of the issues Boakai has presented, we deny the petition for review.

I.

Boakai entered the United States on a visitor's visa in 1990 and later was granted Temporary Protected Status, <u>see</u> 8 U.S.C. § 1254a, because of unstable conditions in Liberia.  In May 1996, more than a year after his Temporary Protected Status expired, Boakai was convicted of assault and battery with a dangerous weapon and armed assault with intent to murder; he was sentenced to seven

to ten years' imprisonment.  Removal proceedings were commenced against him on the ground that he was an alien convicted of an aggravated felony.  <u>See</u> <u>id.</u> § 1101(a)(43)(F); <u>id.</u> § 1227(a)(2)(A)(iii).

By virtue of his conviction and sentence, Boakai was statutorily ineligible for asylum and withholding of removal.  <u>See</u> <u>id.</u> § 1158(b)(2)(A)(ii) and (B)(i) (rendering aggravated felons ineligible for asylum); <u>id.</u> § 1231(b)(3)(B) (rendering aggravated felons sentenced to at least five years' imprisonment ineligible for withholding of removal).  He conceded removability and applied only for relief under the CAT.  After hearing testimony, an Immigration Judge (IJ) concluded that Boakai had met his burden for CAT protection.

For reasons not relevant here, the BIA remanded the case to the IJ.  The IJ found for a second time that Boakai had met his burden for CAT protection, and the government appealed.  Boakai had notice of the government's appeal to the BIA and filed a pro se brief.  His former counsel did not file a brief.

In the February 27, 2002 order, the BIA vacated the grant of CAT relief and ordered Boakai removed.  The BIA found that Boakai had failed to meet his burden under the CAT, in part because the U.S. State Department's 1998 Country Profile for Liberia "indicate[d] that supporters of and office holders in the former

[Liberian] regime can generally now return to Liberia without harm."

Boakai did not then file a petition in this court for review of the February 27, 2002 BIA removal order. Nor did he file a motion to reopen with the BIA within the ninety days allowed. See 8 C.F.R. § 1003.2(c)(2). Rather, he filed a pro se habeas corpus action in the district court; that court appointed present counsel on October 8, 2002.

On April 16, 2003, more than six months after present counsel's appointment and more than a year after the BIA removal order, Boakai, through counsel, filed a motion to reopen before the BIA. The motion argued that the CAT issue should be reopened because Boakai had been deprived of effective assistance of counsel in that his attorney did not file a brief with the BIA seeking to uphold the IJ's order.[1] Boakai's motion to reopen did not acknowledge that it was filed late, nor did it present any argument that the lateness should be excused, thus likely waiving the argument before this court. See Xu v. Gonzales, 424 F.3d 45, 48 (1st Cir. 2005).

In its August 8, 2003 order denying the motion to reopen, the BIA noted that "[t]he respondent does not even acknowledge that the motion is untimely." It nonetheless assumed, in Boakai's

---

[1] The ineffective assistance claim, of course, was unrelated to the IJ proceedings; Boakai won there. It was based only on failure of counsel to defend that victory on appeal to the BIA.

-4-

favor, that he was relying on equitable tolling to excuse his missing a filing deadline. The BIA correctly noted that if the equitable tolling doctrine is available at all,[2] the petitioner must first show that he has acted with due diligence. Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (en banc). The BIA held:

> Such due diligence is not present here. The respondent acknowledges that he received notice of our earlier decision in March, 2002. Current counsel was appointed to represent the respondent in October, 2002. However, the pending motion was not filed until April, 2003. There is no basis for abrogating the motions deadline here. The pending motion is, therefore, denied.

(internal citations omitted). The BIA thus never reached the merits of the ineffective assistance of counsel issue.[3]

---

[2] This court has not yet decided whether the BIA has the power to excuse late filing on the basis of equitable tolling. See Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (en banc); see also Chen v. Gonzales, 415 F.3d 151, 154 n.3 (1st Cir. 2005) (noting the issue remains unresolved).

[3] In his briefs to this court, but not to the BIA, Boakai attempts to justify the delay in part on the basis that it was necessary in order to prepare and file an ineffective assistance claim pursuant to In re Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988). It is noteworthy that courts have found that the BIA did not abuse its discretion in finding no due diligence in similar time frames. In Galvez Piñeda v. Gonzales, 427 F.3d 833 (10th Cir. 2005), for example, new counsel filed a motion to reopen eight months after taking over, and the BIA rejected an equitable tolling argument. Id. at 839. Counsel argued on appeal that the delay was necessary to fulfill the Lozada requirements; the court rejected that argument, stating that "90 days [after new counsel's appointment] would have been more than adequate to comply" with Lozada. Id. See also Dodaj v. Ashcroft, 109 F. App'x 763, 766 (6th Cir. 2004) (unpublished opinion) (equitable tolling not warranted where new counsel took five months to file motion to reopen because he was investigating ineffective assistance of counsel claim).

In the wake of the BIA's decision on the motion to reopen, Boakai filed another habeas petition in the district court. That petition was transferred to this court pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, § 106(c), 119 Stat. 231, 311 (2005) (codified at 8 U.S.C. § 1252 note) (requiring district courts to transfer existing 28 U.S.C. § 2241 habeas cases involving challenges to "final administrative order[s] of removal" to the court of appeals, which is to "treat the transferred case as if it had been filed pursuant to a petition for review"). In his briefs to this court, Boakai argued that the purported ineffective assistance of counsel requires that this court order the BIA to reopen proceedings; he also said the BIA abused its discretion when it failed to consider his untimely motion to reopen on the merits. Boakai focused on the latter claim at oral argument.

## II.

Petitioner's first obligation is to establish that this court has jurisdiction. The court also must itself address the question of its own jurisdiction, even when petitioner fails to address the point adequately.[4] Global NAPs, Inc. v. Mass. Dep't of Telecomms. & Energy, 427 F.3d 34, 41 (1st Cir. 2005).

---

[4] Boakai's initial brief to this court ignored the obvious jurisdictional difficulties present in his case, simply asserted there was jurisdiction under the REAL ID Act, and then concentrated on the merits of his unexhausted ineffective assistance claim. Little is to be gained and much to be lost by a "masquerade ignor[ing] the central question" in a case. Shelby v. Superformance Int'l, Inc., 435 F.3d 42, 43 (1st Cir. 2006).

Under pre-REAL ID Act law, we lacked "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. 8 U.S.C. § 1252(a)(2)(C) (2000). Under that regime, we clearly would have lacked the power to review both the initial BIA order denying CAT relief and the BIA's denial of the motion to reopen.[5] The REAL ID Act altered the landscape, granting limited jurisdiction to courts of appeals over petitions for review from aggravated felons who have been denied CAT relief. Under the new provision, the courts of appeals have jurisdiction if such petitions raise "constitutional claims or questions of law." See REAL ID Act § 106(a)(1)(A)(iii), 119 Stat. at 310 (codified at 8 U.S.C. § 1252(a)(2)(D)); see also Enwonwu v. Gonzales, 438 F.3d 22, 33 (1st Cir. 2006). On these facts, however, that limited jurisdictional grant does not help Boakai.

A.        Review of Denial of Motion to Reopen

The narrow issue before us is whether, assuming arguendo that equitable tolling is available, Boakai's challenge to the BIA's decision not to grant such tolling presents a "question of

---

[5] A denial of a motion to reopen is also a final order. See Baez v. INS, 41 F.3d 19, 21 (1st Cir. 1994) (noting that the BIA's denial of a motion to reopen a deportation proceeding is a judicially reviewable final order) (citing Giova v. Rosenberg, 379 U.S. 18, 18 (1964) (per curiam)); see also Jupiter v. Ashcroft, 396 F.3d 487, 488, 490-91 (1st Cir. 2005) (referring to the BIA's denial of a motion to reopen as a "final order" and treating it as such for purposes of jurisdictional limitations imposed by 8 U.S.C. § 1252).

law" within the meaning of the REAL ID Act. The answer is plainly no. Boakai does not question the legal standard for equitable tolling. The only issue he raises before us is one of fact. See Niehoff v. Maynard, 299 F.3d 41, 47 (1st Cir. 2002) (holding that equitable tolling determinations involve a mixed question of law and fact, but that to the extent the district court's decision as to tolling "hinges on factual determinations," appellate review proceeds as it would for a pure question of fact). The BIA relied on a factual determination that Boakai had not exercised due diligence, and Boakai simply disagrees, arguing that he did in fact exercise due diligence. We have no jurisdiction to review this sort of challenge to a denial of a motion to reopen.[6]

B.        Review of Denial of CAT Claim

There is also no jurisdiction to review Boakai's challenge to the BIA's order denying relief under the CAT. That is because Boakai's challenge to the denial of CAT relief rests wholly on his ineffective assistance claim. The ineffective assistance claim, because it was not timely presented, was never ruled on by the BIA, and so Boakai has not exhausted the issue. Cf. Hernandez v. Reno, 238 F.3d 50, 54-55 (1st Cir. 2001). Both before and after the REAL ID Act, this court lacks jurisdiction over a claim if the

_____

[6] The government urges that we adopt a rule that no question committed to the BIA's discretion may ever constitute a "question of law" within the REAL ID Act. There is no need for such a broad ruling. See Saint Fort v. Ashcroft, 329 F.3d 191, 201 (1st Cir. 2003).

alien has not exhausted all administrative remedies as to that claim.[7]  8 U.S.C. § 1252(d)(1).  The Tenth Circuit, on nearly identical facts, also held that there was no jurisdiction.  Galvez Piñeda v. Gonzales, 427 F.3d 833, 837-38 (10th Cir. 2005) (refusing to consider an ineffective assistance of counsel claim after an untimely attempt to raise the issue with the BIA because "untimely filings with administrative agencies do not constitute exhaustion of administrative remedies").

Because the ineffective assistance claim is not before us, as to the CAT issue we are presented with no "constitutional claim[]."  8 U.S.C. § 1252(a)(2)(D).  At oral argument, Boakai correctly conceded this point.  Indeed, the very purpose of this petition is to force the BIA to address an ineffective assistance of counsel claim, which he says is of constitutional dimension, in the hopes it will ultimately lead the BIA to reopen proceedings and subsequently change its views on CAT relief.

Finally, to the extent Boakai is attempting an independent argument that the BIA was wrong in rejecting the CAT claim, we see no question of law presented.  This case is not like Enwonwu, where a question of law was presented only because the BIA's order denying CAT relief was so insufficiently reasoned as to

---

[7] In Hernandez, the court noted that where a petitioner fails to timely pursue administrative remedies, the defect might be better characterized as waiver or forfeiture, instead of failure to exhaust.  238 F.3d at 54.  However it is characterized, the outcome is the same: the issue is not before us.

leave us uncertain of its basis and so preclude meaningful judicial review.  See 438 F.3d at 35.

III.

Lest Boakai draw from this dismissal for lack of jurisdiction the erroneous conclusion that he is being removed because of the actions or inactions of his lawyers, we add these comments.  Boakai has received, at the least, zealous advocacy.  If we had jurisdiction to ask whether the BIA abused its discretion in not reopening his case, the answer clearly would be no for a number of reasons.  The ineffective assistance claim is itself dubious, at best, and does not present a clear case of prejudice.[8]  See Zeng v. Gonzales, 436 F.3d 26, 31 n.8 (1st Cir. 2006) ("To prevail on the merits of an ineffective assistance claim, an alien must show prejudice to his case . . . .").  Further, the BIA decision denying CAT relief rested on the administrative record before it, regardless of whether it received a brief from counsel or the pro se brief Boakai filed.  We see nothing on the record that would have compelled the BIA to conclude that Boakai had met his burden

---

[8] For example, former counsel's position is that he was discharged by Boakai and instructed not to file an appeal, and that when Boakai so instructed him, he went so far as to call Boakai's mother to explain why the decision to proceed pro se was unreasonable.  This position is supported by the fact that when Boakai requested an extension of time to file a pro se brief with the BIA, he made no mention of any abandonment by former counsel, nor did he ask for time to seek new counsel.  Further, it was the lawyer, now said to be ineffective, who was successful before the IJ.  Finally, Boakai did file a pro se brief before the BIA largely repeating what his lawyer had said.

-10-

on CAT relief.  That is especially so here where the BIA noted, inter alia, that even assuming the credibility of Boakai's witnesses, changed country conditions in Liberia meant that it was unlikely Boakai would be subject to torture if he returned.

The Notice to Appear was issued to Boakai in November 1997; it is now over eight years later, though the courts have moved promptly.  The petition is <u>denied</u>.