# United States Court of Appeals
## For the First Circuit

No. 05-2266

DANI LAHOUD JOUMAA,

Petitioner,

v.

ALBERTO GONZALES,
Attorney General of the United States,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lynch, and Howard,
Circuit Judges.

Derege B. Demissie and Demissie & Associates on brief for petitioner.
William C. Erb, Jr., Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Peter D. Keisler, Assistant Attorney General, Civil Division, and Anthony W. Norwood, Senior Litigation Counsel, on brief for respondent.

May 5, 2006

**LYNCH**, **Circuit Judge**. On September 7, 2004, this court denied on the merits the petition of Dani Lahoud Joumaa, a native and citizen of Lebanon, for review of a final order of removal by the Board of Immigration Appeals (BIA), dated September 10, 2003. See Joumaa v. Ashcroft, 111 F. App'x 15 (1st Cir. 2004) (unpublished decision). Joumaa, who had entered the United States on December 4, 2000 as a transit visitor without a visa, had originally been ordered removed on February 5, 2002 after an Immigration Judge (IJ) denied his claims for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ found that Joumaa was not credible and had failed to establish eligibility for the types of relief he had requested.

Joumaa is back again before this court, this time on petition for review of a July 19, 2005 denial by the BIA of his belated motion to reopen his removal proceedings to adjust his immigration status. Joumaa based the motion to reopen on this court's decision in Succar v. Ashcroft, 394 F.3d 8 (1st Cir. 2005), which was issued after his initial petition was denied and which invalidated one of the regulations that the IJ had invoked in finding him to be ineligible for adjustment of status. See id. at 36 (holding that former 8 C.F.R. § 245.1(c)(8), now 8 C.F.R. § 1245.1(c)(8), which barred paroled aliens in removal proceedings from applying for adjustment of status, was "invalid as inconsistent with 8 U.S.C. § 1255(a)"). Joumaa failed to file the

-2-

motion to reopen within the ninety-day period required by 8 U.S.C. § 1229a(c)(7)(C)(i).

The BIA accordingly denied the motion as untimely. In doing so, it also addressed the Succar claim and found that decision inapplicable on two grounds. First, it noted that the IJ had provided an alternative reason why Joumaa could not adjust status: Joumaa arrived in the United States under the transit without a visa procedure, which provided an independent ground for his ineligibility to adjust status. See 8 U.S.C. § 1255(c) (deeming "[a]ny alien who entered the United States in transit without a visa" ineligible to apply for adjustment of status); 8 C.F.R. § 1245.1(b)(1) (same). Second, the BIA observed that in this case, unlike in Succar, the petitioner filed his motion to reopen long after the BIA had already issued a final administrative order of removal and this court had already denied his appeal therefrom.

The parties dispute whether the normal abuse of discretion standard of review for denials of motions to reopen applies, see Roberts v. Gonzales, 422 F.3d 33, 35 (1st Cir. 2005) ("[W]e review the BIA's denial of a motion to reopen based on timeliness grounds under a highly deferential abuse of discretion standard."), or whether this case presents a pure issue of law to be reviewed de novo. We see no issue of law.

The petition for review fails on the basis of the first ground stated by the BIA. The motion to reopen was untimely, pursuant to 8 U.S.C. § 1229a(c)(7)(C)(i). That statute provides that "[e]xcept as provided in this subparagraph, the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." Id.; see also 8 C.F.R. § 1003.2(c)(2) ("[A]n alien may file only one motion to reopen removal proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."). Congress has created particular exceptions to the ninety-day rule, none of which apply here. See 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv); see also 8 C.F.R. § 1003.2(c)(2), (3); id. § 1003.23(b)(4)(iii)(A), (D); id. § 1003.23(b)(4)(iv). Congress could have provided an exception for a claim that is based on a new decision of law issued after the ninety-day period has expired. In other contexts it has: for example, Congress has provided certain habeas petitioners the ability to assert claims based on subsequent constitutional decisions of the Supreme Court that have been made retroactive. See 28 U.S.C. § 2244(d)(1)(C) (so providing for prisoners in state custody); see also id. § 2255 (similarly providing for prisoners in federal custody). It has chosen not to make any type of exception that would be applicable here, and there are obvious reasons for that choice.

-4-

This is not to say that the BIA could not have chosen here to reopen, but only that nothing compelled it to do so. Indeed, the BIA need not have addressed Joumaa's Succar claim at all. Although the BIA did do so, whether it is correct or not is irrelevant. It gave a reasoned response in denying the motion on ground that it was untimely.

As a last-ditch effort, Joumaa criticizes the BIA for not equitably tolling the ninety-day limit. We need not reach the issue of whether equitable tolling is even available to excuse a late filing in the immigration context. See Boakai v. Gonzales, No. 05-1961, 2006 WL 1101616, at *4 n.2 (1st Cir. April 27, 2006); Chen v. Gonzales, 415 F.3d 151, 154 n.3 (1st Cir. 2005) (noting that this question was left open by Jobe v. INS, 238 F.3d 96 (1st Cir. 2001) (en banc), and declining to resolve it). Joumaa did not argue equitable tolling to the BIA and therefore failed to exhaust his administrative remedies. We lack jurisdiction to entertain the claim. See 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."); see also Olujoke v. Gonzales, 411 F.3d 16, 22-23 (1st Cir. 2005).

The petition for review is denied.