**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted September 25, 2006
Decided October 20, 2006

### Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

**Hon.** ANN CLAIRE WILLIAMS, Circuit Judge

| | |
|---|---|
| ROBERTO CERVANTES-MANZO,<br>     *Petitioner*,<br><br>**No.** 06-2163          **v.**<br><br>ALBERTO R. GONZALES,<br>     *Respondent*. | Petition for Review of<br>an Order of the Board<br>of Immigration<br>Appeals.<br><br>No. A12-642-275 |

### Order

Roberto Cervantes-Manzo was ordered removed from the United States to his native Mexico because of his multiple felony convictions. More than six years ago, we dismissed his petition for review of that removal order, because his convictions qualify as "aggravated felonies" and prevent judicial review. 8 U.S.C. §1252(a)(2)(C).

After we dismissed his petition, Cervantes-Manzo moved to reopen the administrative proceeding so that he could apply for discretionary relief. That request was granted, and a hearing was scheduled before an immigration judge. At the request of Cervantes-Manzo, the hearing was delayed repeatedly and finally set for October 11, 2005. When that time came, everyone except Cervantes-Manzo was present. The immigration judge waited 75

minutes, and when Cervantes-Manzo still had not appeared reinstated the removal order. Three days later Cervantes-Manzo filed another motion to reopen, which was denied. The Board of Immigration Appeals affirmed, and Cervantes-Manzo has filed another petition for judicial review.

As his brief in this court relates matters, he has been ordered removed from the United States for no better reason than giving insufficient attention to the calendar. That's not remotely correct. He has been ordered removed for multiple, serious felony convictions. He asked for extraordinary relief from the predicament in which his criminal conduct had placed him, and when the agency gave him that opportunity--and postponed the hearing date at his request, allowing him to remain in the United States for several additional years--he failed to appear. At some point patience must run out.

The argument that this court should direct the agency to give him still more opportunities to present his request for discretionary relief runs into the same problem that led us to dismiss the petition in 2000: an alien convicted of aggravated felonies is not entitled to judicial review. Although the Real ID Act of 2005 permits review of strictly legal issues, see 8 U.S.C. §1252(a)(2)(D), a contention that the agency has erred in balancing multiple factors under an open-ended standard is not a legal argument. See *Tunis v. Gonzales*, 447 F.3d 547 (7th Cir. 2006); *Bokai v. Gonzales*, 447 F.3d 1, 4 (1st Cir. 2006). Application of a multi-factor standard is the very sort of discretionary call that the statute leaves to the agency.

The petition for review is dismissed for want of jurisdiction.