**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-2327

FELIX LAGOS,

Petitioner,

versus

PETER D. KEISLER, Acting Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A74-078-327)

Submitted:  August 15, 2007          Decided:  October 9, 2007

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, Anthony P. Nicastro, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Felix Lagos, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen as untimely filed. For the reasons discussed below, we dismiss the petition for review for lack of jurisdiction.

Under 8 U.S.C.A. § 1252(a)(2)(C) (West 2005), we lack jurisdiction, except as provided in 8 U.S.C.A. § 1252(a)(2)(D) (West 2005), to review the final order of removal of an alien convicted of certain enumerated crimes, including offenses covered in 8 U.S.C. § 1182(a)(2) (2000). Because Lagos was found removable for having been convicted of a controlled substance offense as defined in 8 U.S.C. § 1182(a)(2)(A)(i)(II), under § 1252(a)(2)(C), we have jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Lagos] [i]s an alien and whether []he has been convicted of [a controlled substance offense]." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002); see Lewis v. INS, 194 F.3d 539, 542-43 (4th Cir. 1999) (same). If the predicate conditions are found, then, under 8 U.S.C.A. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

Because we find that Lagos is indeed an alien who has been convicted of a controlled substance offense, see Cruz-Garza v. Ashcroft, 396 F.3d 1125, 1128 (10th Cir. 2005); Matter of Roldan-

Santoyo, 22 I. & N. Dec. 512 (B.I.A. 1999), vacated on other grounds sub nom Lujan-Armendariz v. INS, 222 F.3d 728 (9th Cir. 2000), § 1252(a)(2)(C) divests us of jurisdiction over the petition for review, except to the extent that Lagos raises a constitutional issue or question of law. He raises only one issue that arguably could be considered a question of law in his petition for review,[*] namely, whether the ninety-day time period for filing a motion to reopen is subject to equitable tolling. Lagos does not challenge the legal standard for equitable tolling, however, but simply disagrees with the Board's factual determination that equitable tolling was not warranted in his case. We find that this is not a "question of law" within the meaning of the REAL ID Act and is merely a factual issue over which we lack jurisdiction. See Boakai v. Gonzales, 447 F.3d 1, 4 (1st Cir. 2006).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

---

[*]Lagos does not raise any constitutional issues in his petition for review.