# United States Court of Appeals
## For the First Circuit

No. 14-1999

ANDRÉS RODOLFO PÉREZ BATRES,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Lynch, and Kayatta,
Circuit Judges.

Hans J. Bremer and Bremer Law & Associates, LLC on brief for petitioner.

Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Benjamin Mizer, Acting Assistant Attorney General, and Jennifer P. Levings, Senior Litigation Counsel, Office of Immigration Litigation, on brief for respondent.

August 12, 2015

---

[*]  Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr., as the respondent.

**LYNCH**, **Circuit Judge**.  Andrés Rodolfo Pérez Batres, a native and citizen of Guatemala who has been illegally present in this country, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of an Immigration Judge's (IJ) removal order.  He now argues to this court that the government is estopped from removing him because it failed to take from him an invalid lawful permanent resident (LPR) card he had once been issued and to update its databases to reflect that he was not an LPR.  Because Pérez Batres raises his argument of equitable estoppel for government misconduct for the first time on petition to this court, he has failed to exhaust his administrative remedies with the BIA.  We lack jurisdiction and dismiss his petition.

I.

Between 1974 and 2009, Pérez Batres traveled in and out of the United States approximately 70 times.  He entered the United States without being admitted or paroled in 1974.  After being deported in June 1976, he reentered illegally in November 1976.  An IJ ordered Pérez Batres to be deported in 1979 and granted his application for voluntary departure.  Pérez Batres remained in the United States.

In March 1981, Pérez Batres filed an Application for Permission to Reapply for Admission into the United States After Deportation or Removal (Form I-212) based on his marriage to a

United States citizen. He left the United States on May 11, 1981, and went to the United States Consulate in Halifax, Nova Scotia, Canada. Pérez Batres obtained LPR status -- apparently because he wrongfully represented that he had been removed only once, rather than two times -- and was admitted to the United States on May 12, 1981.

Pérez Batres was placed in deportation proceedings, and in 1984, an IJ ordered Pérez Batres removed, terminated his LPR status, and granted him voluntary departure. The BIA affirmed the IJ's decision in 1986. Immigration officials failed to confiscate his now invalidated LPR card and to update their databases, however.

Using his invalid LPR card, Pérez Batres continued to travel to and from the United States approximately twice a year until 2009. In November 2009, Pérez Batres applied for naturalization. His application was denied because he failed to establish he was lawfully admitted as a permanent resident and he failed to demonstrate good moral character in that he made false statements about a number of issues, including his immigration history and prior arrests.

The Department of Homeland Security served Pérez Batres with a Notice to Appear in 2011. Pérez Batres appeared in hearings before an IJ in 2012 and 2013, at the end of which the IJ found him removable because he obtained immigration benefits --

including his LPR status and numerous entries into the United States -- by fraud or material representation and because he entered the United States without valid documentation. Pérez Batres appealed to the BIA. He argued that the government failed to establish that he had any intent to commit fraud because he believed he held a valid green card.[1] Pérez Batres also claimed that the IJ did not afford appropriate weight to evidence that he made an honest mistake in his 2009 naturalization application. The BIA affirmed the IJ's finding and dismissed his appeal. Pérez Batres's petition for judicial review followed.

## II.

In his petition for review of the BIA's decision, Pérez Batres argues that equitable estoppel should be applied to terminate proceedings against him. Pérez Batres brought a different theory before the BIA, however. Indeed, Pérez Batres

---

[1] The Immigration and Nationality Act (INA) § 212(a)(6)(C)(i) provides, "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this Act is inadmissible." See 8 U.S.C. § 1182(a)(6)(C)(i). Pérez Batres cited cases to support his argument that the government has the burden of showing the fraud is willful by clear and convincing evidence. Because Pérez Batres does not raise this argument on appeal, we do not evaluate it.

does not claim that he made his estoppel argument to the BIA or that the exhaustion requirement does not apply to his case.[2]

Pérez Batres's equitable estoppel argument contains three elements: (1) The government engaged in affirmative misconduct by failing to confiscate his LPR card and by allowing him to travel in and out of the United States approximately 70 times; (2) the government caused him to have a reasonable belief that his LPR card was valid; and, (3) he detrimentally relied on this belief. See Costa v. INS, 233 F.3d 31, 38 (1st Cir. 2000) (explaining the three elements of an equitable estoppel claim). The first and third elements are missing from his argument to the BIA, and the second element was used to advance an entirely different argument.

First, Pérez Batres never described the government's actions as affirmative misconduct to the BIA. Pérez Batres said only that the government failed to confiscate his LPR card and admitted him to the United States. See Dantran, Inc. v. U.S. Dep't of Labor, 171 F.3d 58, 67 (1st Cir. 1999) ("It is common ground that affirmative misconduct requires something more than simple negligence . . . ."). Second, while Pérez Batres's argument to

---

[2] The BIA also did not address the issue of equitable estoppel in its decision. See Meng Hua Wan v. Holder, 776 F.3d 52, 56 (1st Cir. 2015) ("The exhaustion requirement is satisfied where . . . the agency chooses to address the merits of a particular issue, regardless of whether the alien raised that issue.").

the BIA and his petition to this court both discuss his purported mistaken belief in the validity of his LPR status, they do so for entirely different purposes -- to the BIA to prove he lacked any intent to deceive, and in his petition to this court to contend the government is estopped from bringing proceedings against him. Third, Pérez Batres never argued detrimental reliance before the BIA.[3]

"Because [Pérez Batres] did not raise [his equitable estoppel] claim before the BIA, we do not have jurisdiction to review it here."  Paiz-Morales v. Lynch, No. 14-1182, ___ F.3d ___, 2015 WL 4560270, at *1 n.1 (1st Cir. July 29, 2015) (citing Shah v. Holder, 758 F.3d 32, 37 (1st Cir. 2014)).  INA § 242(d)(1) provides that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  "We have interpreted this statute to mean that theories not advanced before the BIA may not be surfaced for the first time in a petition for judicial review of the BIA's final order."  Makhoul v. Ashcroft, 387 F.3d 75, 80 (1st Cir. 2004).  We apply the exhaustion requirement "not only to claims omitted from an appeal to the BIA

_____

[3]  Nor could he.  See Costa, 233 F.3d at 38 n.7 (explaining that "in order for there to be detrimental reliance, the aggrieved party must show that he has surrendered a right that he possessed" (citing Heckler v. Cmty. Health Servs., 467 U.S. 51, 61-62 (1984))).

but also to claims that were insufficiently developed before the BIA." Sunoto v. Gonzales, 504 F.3d 56, 59 (1st Cir. 2007) (internal citations and quotation marks omitted).

The exhaustion requirement applies to equitable estoppel claims raised for the first time on appeal. See DeCosta v. Gonzales, 449 F.3d 45, 49-50 (1st Cir. 2006) (declining to consider the petitioner's equitable estoppel and equitable tolling claims because she failed to raise them before the BIA); cf. Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]his Court has no authority to create equitable exceptions to jurisdictional requirements . . . .").

The Supreme Court's decision this past Term in Mata v. Lynch, 135 S. Ct. 2150 (2015), does not change the outcome of this case. Mata involved a petition to review the BIA's denial as untimely of a motion to reopen removal proceedings. Id. at 2153-54. The Fifth Circuit -- breaking with every other circuit that reviews removal orders -- declined to exercise jurisdiction. Id. at 2154. The Supreme Court held that 8 U.S.C. § 1252(a)(1), which gives courts of appeals jurisdiction to review final removal orders, includes jurisdiction over motions to reopen that the BIA denied as untimely. Id. at 2154-55. Mata did not involve the provision in question here, 8 U.S.C. § 1252(d)(1), which specifically provides that courts can review final orders "only if the alien has exhausted all administrative remedies," thereby

depriving courts of jurisdiction to hear unexhausted claims.  See Joumaa v. Gonzales, 446 F.3d 244, 246 (1st Cir. 2006).  Therefore, Mata is inapposite to Pérez Batres's case, as he failed to exhaust his equitable estoppel argument with the BIA.[4]

### III.

For the reasons stated above, we dismiss Pérez Batres's petition.

---

[4]  Nor does the Supreme Court's decision in United States v. Kwai Fun Wong, 135 S. Ct. 1625 (2015), apply here.  Kwai Fun Wong involved interpretation of the Federal Tort Claims Act (FTCA). Looking at the text, context, and legislative history of the FTCA, the Court concluded that the statute of limitations was not jurisdictional.  Id. at 1632-33.  Neither Kwai Fun Wong nor Mata involved exhaustion.