**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 18-1381

MARCOS DIMAS HERNANDEZ-MARTINEZ,

Petitioner,

v.

MATTHEW G. WHITAKER,[*]
ACTING ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

Before

Lynch, Stahl, and Kayatta,
Circuit Judges.

Daniel W. Chin, Kevin MacMurray, and MacMurray & Associates on brief for petitioner.
Joseph H. Hunt, Assistant Attorney General, Civil Division, Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, and Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Acting Attorney General Matthew G. Whitaker has been substituted for former Attorney General Jefferson B. Sessions III as the respondent.

January 17, 2019

**LYNCH**, **Circuit Judge**.  Marcos Dimas Hernandez-Martinez, of El Salvador, petitions for judicial review of a Board of Immigration Appeals decision affirming an Immigration Judge's denial of asylum, withholding of removal, and voluntary departure under various provisions of the Immigration and Nationality Act. 8 U.S.C. § 1101 et seq.  We deny the petition because each of the BIA's two holdings is supported by the record: Hernandez-Martinez failed to adequately raise the adverse credibility issue with the BIA, and, in any event, the IJ's determination that Hernandez-Martinez lacked credibility is supported by substantial evidence.

I.

Hernandez-Martinez entered the United States on May 10, 2012, near Hidalgo, Texas.  He was apprehended and told the Border Patrol that he did not fear returning to El Salvador.  At his later credible fear interview with an asylum officer on September 5, 2012, Hernandez-Martinez changed his story.  He said that he did fear returning to El Salvador, and that was because members of Farabundo Martí National Liberation Front (FMLN), a Salvadoran political party, threatened and harmed him after he refused their demand that he plant illegal drugs at the coffee plantation where he worked.

On May 5, 2017, the IJ denied Hernandez-Martinez's applications for relief and ordered him removed.  The IJ found that Hernandez-Martinez's testimony was not credible and also that

- 3 -

he had submitted a frivolous asylum application. In denying Hernandez-Martinez's claims for relief, the IJ pointed to numerous discrepancies, including the contradiction between Hernandez-Martinez's statements when he first entered the United States and during his credible fear interview, and further contradictions in his testimony. Hernandez-Martinez testified at the asylum hearing that he suffered injuries at the hands of FMLN members for which he sought medical treatment, but he failed to mention this to the asylum officer. Moreover, in his credible fear interview, Hernandez-Martinez initially told the asylum officer that FMLN members had taken him to a house and tortured him for hours. Describing the same incident in the asylum hearing, however, Hernandez-Martinez did not repeat this description, instead saying only that the FMLN members punched him five or six times.

The IJ also noted that Hernandez-Martinez's mother submitted a "letter" to the court, which did not support the petitioner's claims and made no mention of the alleged FMLN attack. And the IJ pointed out that Hernandez-Martinez's testimony at the asylum hearing was internally contradictory regarding whether his family was threatened or harmed by the FMLN and whether he was affiliated with the FMLN's rival party, the Nationalist Republican Alliance. The IJ found that when Hernandez-Martinez was asked to explain the many inconsistencies and discrepancies, he did not do

so satisfactorily, and he provided no corroborating evidence for his claims.

The BIA upheld the denial of relief, save for reversing the IJ's finding that Hernandez-Martinez had filed a frivolous asylum application. The BIA first upheld the lack of credibility finding as not clearly erroneous. The BIA also found that "[o]n appeal, the respondent has not meaningfully challenged the adverse credibility finding as it relates to asylum, withholding of removal, . . . and voluntary departure." The BIA concluded that "[w]hile the respondent briefly addresses the adverse credibility finding in his Notice of Appeal, he then waived any challenges to it by not developing or pursuing it in his brief."

Represented by new counsel, Hernandez-Martinez filed a petition for review of the BIA's decision before this court.

## II.

Because both the BIA and the respondent addressed both of the IJ's holdings, we do so as well.

"[W]e may review a final order of the BIA only if 'the alien has exhausted all administrative remedies available to the alien as of right.'" Silva v. Gonzales, 463 F.3d 68, 72 (1st Cir. 2006) (quoting 8 U.S.C. § 1252(d)(1)). "The purpose of this exhaustion requirement is to ensure that a court will not commandeer an agency's prerogatives." Pineda v. Whitaker, 908 F.3d 836, 842 (1st Cir. 2018). "[I]t creates a carefully

calibrated balance of responsibilities, affording the parties the full benefit of the agency's expertise and allowing the agency the first opportunity to correct its own bevues." Mazariegos-Paiz v. Holder, 734 F.3d 57, 63 (1st Cir. 2013). "We apply the exhaustion requirement 'not only to claims omitted from an appeal to the BIA but also to claims that were insufficiently developed before the BIA.'" Pérez Batres v. Lynch, 796 F.3d 157, 160 (1st Cir. 2015) (quoting Sunoto v. Gonzales, 504 F.3d 56, 59 (1st Cir. 2007)).

Hernandez-Martinez first argues to us that the BIA erred in determining that he had waived any challenge to the credibility finding in his briefing to the BIA. On this record, the BIA properly found that Hernandez-Martinez waived his adverse credibility argument. There was no error. See Kechichian v. Mukasey, 535 F.3d 15, 21-22 (1st Cir. 2008); Estrada-Canales v. Gonzales, 437 F.3d 208, 220 (1st Cir. 2006). Our own review shows that Hernandez-Martinez's brief to the BIA only challenged the IJ's frivolousness finding. It did not challenge the credibility finding, much less provide an explanation as to why the credibility finding should be overturned.

Hernandez-Martinez attempts to avoid the exhaustion doctrine, arguing that it applies only when a petitioner fails to raise a "full claim[] of relief," such as asylum or withholding of removal. In essence, Hernandez-Martinez argues that it is enough that before the BIA he said he challenged the IJ's denial of his

claims for relief.  He is wrong.  "A failure to present developed argumentation to the BIA on a particular theory amounts to a failure to exhaust administrative remedies as to that theory." Ramirez-Matias v. Holder, 778 F.3d 322, 327 (1st Cir. 2015); accord De Lima v. Sessions, 867 F.3d 260, 267 (1st Cir. 2017).  "The BIA has the right to expect -- and insist upon -- more."  Athehortua-Vanegas v. I.N.S., 876 F.2d 238, 241 (1st Cir. 1989).

Hernandez-Martinez alternatively argues that he did adequately raise the issue of the IJ's adverse credibility finding before the BIA by doing so implicitly because "the standards of frivolousness and adverse credibility are the same for all intents and purposes."  This is incorrect.  Without accepting his premise that an implicit argument ever suffices to exhaust, there was nothing in the frivolousness argument to put the BIA on notice that he was challenging the adverse credibility finding.

Further, a BIA decision reversing an IJ's frivolousness finding does not itself undermine the IJ's finding that the petitioner's testimony was not credible.  Zheng v. Mukasey, 546 F.3d 70, 71 (1st Cir. 2008).  A frivolousness finding requires a showing that "any of [the application's] material elements [were] deliberately fabricated."  8 C.F.R. § 1208.20.  An adverse credibility finding has no such requirement.  An attack that testimony was not deliberately fabricated does not itself attack an adverse credibility finding.

- 7 -

We turn to the BIA's other ground for affirmance. "[W]e review the IJ's adverse credibility determination under the deferential 'substantial evidence' standard, and must sustain it 'unless the record evidence would compel a reasonable factfinder to make a contrary determination.'" Cuko v. Mukasey, 522 F.3d 32, 37 (1st Cir. 2008) (emphasis in original) (quoting Stroni v. Gonzales, 454 F.3d 82, 87 (1st Cir. 2006)). "Specifically, we narrowly inquire whether: (i) the discrepancies articulated by the IJ and/or the BIA are actually present in the administrative record; (ii) the discrepancies generate specific and cogent reasons from which to infer that petitioner or his witnesses provided non-creditworthy testimony; and (iii) petitioner failed to provide a persuasive explanation for these discrepancies." Id.

The adverse credibility determination was supported by substantial evidence. As described above, the IJ gave specific and cogent reasons for his finding. Hernandez-Martinez was given ample opportunity to explain the inconsistencies and discrepancies in his story, but failed to do so and provided no corroborating evidence. The record does not compel a different result regarding Hernandez-Martinez's credibility.

The petition for review is denied. To the extent the petition challenges the merits of the BIA's affirmance of the IJ's credibility determination, we dismiss for lack of jurisdiction for non-exhaustion.