Luis Mario Suarez DOMINGUEZ,
Petitioner

v.

Jefferson B. SESSIONS, III,
U. S. Attorney General,
Respondent

No. 16-60067

United States Court of Appeals,
Fifth Circuit.

Filed September 22, 2017

Mario Rene Urizar, Esq., Prada Urizar, P.L.L.C., Miami, FL, for Petitioner

Virginia M. Lum, Office of Immigration Litigation, Benjamin J. Zeitlin, Trial Attorney, U.S. Department of Justice, Civil Division/OIL, Washington, DC, for Respondent

Before STEWART, Chief Judge, and KING and JONES, Circuit Judges.

PER CURIAM: *

Luis Mario Suarez Dominguez petitions for review of the Board of Immigration Appeals's decision to dismiss his appeal regarding his motion to reopen his removal proceedings. Suarez Dominguez now argues that the Board erred because he is entitled to equitable tolling of the 90-day statutory period in which to move to reopen and, thus, his motion is timely. Because his equitable tolling contention is unexhausted and therefore unreviewable, we DISMISS his petition for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Luis Mario Suarez Dominguez is a native and citizen of Cuba. He was paroled into the United States on August 5, 2001, and, on the following day, was accorded lawful permanent resident (LPR) status pursuant to the Cuban Adjustment Act.[1] In May 2006, he pleaded guilty in the Southern District of Florida to conspiracy to defraud and commit health care fraud in violation of 18 U.S.C. § 371. He was sentenced to 28 months of imprisonment, along with three years of post-imprisonment supervised release, and was ordered to pay $970,036 in restitution. In September 2006, he was served with a notice to appear before an immigration judge (IJ) in Texas. The notice alleged that Suarez Dominguez was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted of a crime deemed an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i).[2] In October 2006, an IJ concluded that Suarez Dominguez was not eligible for a waiver of inadmissibility[3] (a form of relief) because he was convicted after becoming a LPR. Accordingly, the IJ ordered that he be removed.

Several years later, in December 2014, Suarez Dominguez moved for the immigration court to reopen his proceedings sua sponte in order to allow him to apply for readjustment of his status under the Cu-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The Cuban Adjustment Act, 8 U.S.C. § 1255, "affords Cuban asylum seekers preferential treatment by enabling them to enter the United States and achieve permanent-resident status through a special process not offered to other refugees." Note, *The Cuban Adjustment Act of 1966*, 114 HARV. L. REV. 902, 902 (2001).

2. Section 1101(a)(43)(M)(i) defines aggravated felony to include a crime that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."

3. Under 8 U.S.C. § 1182(h), the Attorney General may, in his discretion, waive the application of certain statutory provisions that would bar the admission of qualifying aliens.

ban Adjustment Act in conjunction with a waiver of inadmissibility. In his motion, he explained that after his removal order, this court decided *Martinez v. Mukasey*, which held that aliens who adjust to LPR status post-entry into the United States, such as Suarez Dominguez, could seek waivers of inadmissibility. *See* 519 F.3d 532, 546 (5th Cir. 2008). This ruling conflicted with the Board of Immigration Appeals's (BIA's) interpretation of the law at that time. Suarez Dominguez stated that he did not apply for a waiver of inadmissibility during his removal proceedings because it was not available to him under the BIA's then-interpretation. In February 2015, an IJ denied Suarez Dominguez's motion to reopen, noting the motion's untimeliness as it was filed six-and-a-half years after *Martinez*. The IJ concluded that "the interest of finality in immigration proceedings" took precedence.

Suarez Dominguez next appealed the denial to the BIA. In his brief to the BIA, he contended that the IJ's decision should be reversed because "all his ties were ... in Florida" and "no notice [of *Martinez*] was announced or published outside of the Fifth Circuit's jurisdiction." In December 2015, the BIA dismissed his appeal, stating that "[b]ased on the common law presumption that every person knows the law, it is well-settled that ignorance or mistake of law cannot excuse an individual's actions or inactions." Suarez Dominguez timely petitions for review of BIA's dismissal. He now argues that the BIA erred by not applying equitable tolling to his motion to reopen.

## II. JURISDICTION OVER THIS PETITION

We begin our analysis by determining whether we have jurisdiction to review the BIA's decision. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013) (quoting *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001)). We review this question of jurisdiction de novo. *Id.* (citing *Nehme*, 252 F.3d at 420). Because we conclude that we lack jurisdiction over Suarez Dominguez's petition, we do not address the merits of his equitable tolling argument.

Suarez Dominguez petitions for review of the BIA's decision to dismiss his appeal regarding his motion to reopen his removal proceedings. An alien can seek to reopen his removal proceedings in two ways: (1) invoking his statutory right to reopen under 8 U.S.C. § 1229a(c)(7) or (2) invoking the IJ's or BIA's regulatory power to sua sponte reopen under 8 C.F.R. § 1003.2(a) or 8 C.F.R. § 1003.23(b). *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340–41 (5th Cir. 2016). With regard to the first option (*i.e.*, a statutory motion to reopen), the alien can file one such motion, and the motion must be filed within 90 days of the final removal order. 8 U.S.C. § 1229a(c)(7). The 90-day deadline is subject to equitable tolling in certain circumstances. *Lugo-Resendez*, 831 F.3d at 343–44. With regard to the second option (*i.e.*, a regulatory motion to reopen), the alien can file at any time. 8 C.F.R. § 1003.2(a); 8 C.F.R. § 1003.23(b)(1).

◼ While we have jurisdiction over petitions seeking review of BIA's decisions involving statutory motions to reopen, we do not have jurisdiction over petitions seeking review of BIA's decisions concerning regulatory motions to reopen. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249–50 (5th Cir. 2004). The sections of the Code of Federal Regulations governing regulatory motions to reopen, 8 C.F.R. § 1003.2(a) and 8 C.F.R. § 1003.23(b), commit the decision to reopen to the IJ's or BIA's discretion. *See id.* Thus, as a reviewing court, we have "no legal standard" against which to judge the IJ's or

BIA's decision.[4] *Id.* at 250.

Further, we cannot review an issue if the alien fails to exhaust his administrative remedies by not "first rais[ing] the issue before the BIA, either on direct appeal or in a motion to reopen." *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). We apply the exhaustion requirement strictly and "requir[e] actual (as opposed to effective) exhaustion." *Id.* at 322, 325. Although the alien's claim can be proffered in a "less-developed form" to the BIA, he must "fairly present" the issue so that the BIA has notice of and opportunity to address the issue that he raises to this court. *Id.* at 321. This necessarily entails ."affirmative action" on his part. *Id.*

■ By contending that the BIA erred by not applying equitable tolling to his motion to reopen, Suarez Dominguez appears to invoke his statutory right to file such a motion. While we have jurisdiction to review statutory motions to reopen, including those involving equitable tolling arguments, *see Lugo-Resendez*, 831 F.3d at 343–44, Suarez Dominguez has not exhausted his equitable tolling claim. If an alien elects to file a brief on appeal to the BIA, as Suarez Dominguez did, "that brief becomes the operative document through which any issues that a petitioner wishes to have considered must be raised" in or-

der to meet the exhaustion requirement. *Claudio v. Holder*, 601 F.3d 316, 319 (5th Cir. 2010). In his brief to the BIA, Suarez Dominguez distinguished *Martinez*—a Fifth Circuit decision overruling a prior BIA interpretation of law—from a BIA decision withdrawing a prior policy based on a statutory change. He then discussed his career, family, and role in the community. Though he mentioned that he was "diligent in filing his motion to reopen," he addressed neither the 90-day statutory deadline nor equitable tolling of this deadline in any form. Further, all of his arguments were made to demonstrate that his case was exceptional, warranting the BIA's exercise of its sua sponte authority to reopen proceedings—the exercise of which can occur at any time (not necessarily within 90 days of the removal order).

Alternatively, if the BIA considers the merits of an issue that is not explicitly raised by the petitioner, that issue is exhausted. *Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010). This is not the case here. In its decision, the BIA merely addressed the points that Suarez Dominguez had raised in his brief in order to support the BIA's refusal to exercise its sua sponte authority. Accordingly, the petitioner's equitable tolling argument has not been exhausted, and thus, we do not have jurisdiction.[5]

---

4. In the petitioner's response to the Government's 28(j) letter, he argues that this court has jurisdiction to review regulatory motions to reopen involving an exceptional situation that merits the exercise of the BIA's sua sponte authority to reopen. The basis of his contention is that the BIA had previously announced a standard for the exercise of its discretion: "[i]n order for a change in the law to qualify as an exceptional situation that merits the exercise of [BIA's] discretion ..., the change must be fundamental in nature and not merely an incremental development in the state of the law." *In Re G-D-*, 22 I. & N. Dec. 1132, 1132 (BIA 1999). While a fundamental legal change may merit the granting

of a regulatory motion to reopen, the BIA still has discretion to deny the motion even if the petitioner has made out such a claim for relief. *See* 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."). Accordingly, we have no legal standard to review the BIA's decision in such a case.

5. Our conclusion is further bolstered by the fact that *Lugo-Resendez*, in which we held for the first time equitable tolling could apply to the 90-day statutory deadline, 831 F.3d at 343–44, was not decided until *after* the BIA's ruling.

Even if we assume *arguendo* that Suarez Dominguez had exhausted his administrative remedies with respect to his equitable tolling claim, we still do not have jurisdiction over his petition. This court lacks jurisdiction to review a motion to reopen a final removal order against an alien who is removable because he was convicted of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(C) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [an aggravated felony]."); *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004) (per curiam) (agreeing with other circuits that the power to review final orders of removal implicitly encompasses the power to review decisions concerning motions to reopen such orders). However, this jurisdictional bar does not extend to "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D).

Here, whether equitable tolling applies to Suarez Dominguez's motion to reopen is a question of fact, over which we do not have jurisdiction. In *Lugo-Resendez*, we stated that the application of the doctrine of equitable tolling involves the consideration of "the individual facts and circumstances of each case." 831 F.3d at 344–45 (internal quotation marks omitted) (quoting *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam)). This inquiry is "fact-intensive." *Id.* at 344 (internal quotation marks omitted) (quoting *Rivera v. Quarterman*, 505 F.3d 349, 354 (5th Cir. 2007)). The petitioner is not arguing that the BIA applied the wrong legal standard in resolving his equitable tolling claim—a contention which would involve a question of law. *Cf. Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234 (5th Cir. 2009) (holding that this court has jurisdiction to review whether the BIA applied the wrong

standard of review to the factual findings of the IJ); *Lawrence v. Lynch*, 826 F.3d 198, 203 (4th Cir. 2016) (holding that the court has jurisdiction to determine whether the BIA applied the correct equitable tolling standard). Because the issue at hand is a question of fact, the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C) applies.

## III. CONCLUSION

The petition for review is DISMISSED for lack of jurisdiction.