# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60286

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2018

Lyle W. Cayce
Clerk

MARIA NATALIA PENALVA, also known as Maria Natalia Penalva Cari,

      Petitioner,

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

      Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Before WIENER, ELROD, and SOUTHWICK, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Petitioner Maria Natalia Penalva filed a motion to reopen her removal proceedings in immigration court after the statutory deadline. The immigration judge denied her motion, and the Board of Immigration Appeals affirmed. Because whether equitable tolling applies to Penalva's motion to reopen is a question of fact and the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C) applies, we DISMISS Penalva's petition for lack of jurisdiction.

I.

Maria Natalia Penalva, a native and citizen of Argentina, was admitted to the United States as a lawful permanent resident. She pleaded *nolo contendere* to a charge of theft and to a charge of possession of cocaine. Later,

No. 16-60286

she was convicted of grand theft and of access device fraud in violation of 18 U.S.C. § 1029.  She was sentenced to two years in prison and three years of supervised release.

In 2009, the government initiated removal proceedings against Penalva. The Notice to Appear alleged that she was removable under the following statutory provisions: (1) 8 U.S.C. § 1227(a)(2)(A)(ii) as an alien who, after admission, had been convicted of two crimes involving moral turpitude; (2) 8 U.S.C. § 1227(a)(2)(B)(i) as an alien who, after admission, had been convicted of a controlled substance violation; and (3) 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien who, after admission, had been convicted of an aggravated felony.

At the hearing before the Immigration Judge (IJ), Penalva denied all charges of removability.  After reviewing Penalva's criminal records, the immigration judge issued an order finding that Penalva was removable as charged.  Penalva did not appeal the IJ's decision, and she was removed from the United States in 2010.

In 2015, Penalva filed a motion to reopen her removal proceedings.  She argued that her motion to reopen should be considered timely— notwithstanding the fact that it was filed more than five years after her order of removal became final—under the doctrine of equitable tolling.  She argued that her former attorney was ineffective for failing to object or otherwise argue that her conviction for access device fraud was not an aggravated felony. Penalva argued that because the immigration court considered her access device fraud crime an aggravated felony, she was ineligible for cancellation of removal.  Without an aggravated felony, she would be *prima facie* eligible for cancellation of removal, and so she attached an application for such relief to her motion to reopen.

The IJ denied Penalva's motion to reopen for several reasons.  First, the IJ found that the motion to reopen was untimely.  The IJ rejected Penalva's

2

No. 16-60286

argument that the 90-day limitations period for filing a motion to reopen was subject to equitable tolling. Moreover, the IJ found that even if equitable tolling applied, Penalva would not be entitled to relief because her prior aggravated felony made her ineligible for cancellation of removal. The IJ also rejected Penalva's argument that her prior conviction for access device fraud was not an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(M)(i).

The IJ went on to explain that even if Penalva had been eligible for cancellation of removal *and* her attorney had been ineffective for failing to challenge her prior aggravated felony, her motion to reopen would still be denied because Penalva had failed to comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

On appeal, the Board of Immigration Appeals (BIA) agreed with the IJ's denial of Penalva's motion to reopen and dismissed the appeal. The BIA concluded that even if equitable tolling applied to the 90-day statutory deadline, Penalva had failed to demonstrate that she diligently sought to reopen the removal proceedings to warrant equitable tolling. The BIA also agreed with the IJ that Penalva had failed to comply with the requirements of *Matter of Lozada*. Even if she had complied with these requirements, the BIA determined, Penalva's claim of ineffective assistance of counsel would fail because she was ineligible for cancellation of removal, given her prior criminal convictions, and thus, she could not show prejudice.

## II.

We review "the denial of a motion to reopen 'under a highly deferential abuse-of-discretion standard.'" *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)). "The Board abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on

legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.*

### III.

"We must begin by determining whether we have jurisdiction to review the BIA's decision. . . ." *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013) (quoting *Nehme v. INS*, 252 F.3d 415, 420 (5th Cir. 2001)). We review the question of jurisdiction *de novo*. *Id.*

"The [Immigration and Nationality Act] affords this Court jurisdiction to review orders of removal." *Silva-Trevino v. Holder*, 742 F.3d 197, 199 (5th Cir. 2014). However, "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses. *See* 8 U.S.C. § 1252(a)(2)(C). The jurisdictional bar does not extend to "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D).

The first question is whether Penalva was "removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of [the Immigration and Nationality Act] or any offense covered by section 1227(a)(2)(A)(ii) of [the Immigration and Nationality Act] for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of [the Immigration and Nationality Act]." 8 U.S.C. § 1252(a)(2)(C).

For the purposes of her petition, Penalva concedes that she was subject to removal from the United States under 8 U.S.C. § 1227(a)(2)(A)(ii) based on her two convictions involving moral turpitude not arising out of the same scheme of criminal conduct and under 8 U.S.C. § 1227(a)(2)(B)(i) based on her

conviction related to a controlled substance.[1]   Therefore, 8 § 1252(a)(2)(C) applies to Penalva as a criminal alien.

However, Penalva asserts that her petition is still reviewable because it raises questions of law.  Section 1252(a)(2)(D) provides that:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).  As such, § 1252(a)(2)(D) operates as a savings clause for "constitutional claims or questions of law" raised by criminal aliens.

Penalva asserts that we have jurisdiction here to review her petition because the questions of: (1) whether she is entitled to equitable tolling; (2) whether she exercised due diligence in pursuing her claim; and (3) whether she complied with the procedural requirements required for ineffective assistance claims are all questions of law.

As Penalva acknowledges, she filed her motion to reopen five years after her order of removal became final.  Generally, a motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i).  Therefore, Penalva's motion to reopen was statutorily untimely, but she urges that she is entitled to equitable tolling of the 90-day deadline.

We recently held that "the deadline for filing a motion to reopen under § 1229a(c)(7) is subject to equitable tolling."  *Lugo-Resendez v. Lynch*, 831 F.3d

---

[1] Penalva contends that she was not removable based on an aggravated felony conviction because her access device fraud conviction should not be classified as an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).  Because she is removable based on other convictions listed in 8 U.S.C. § 1252(a)(2)(C), this argument does not change our analysis.

337, 344 (5th Cir. 2016).[2]  A petitioner is only entitled to equitable tolling if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016)).

Agreeing with the IJ, the BIA here determined that Penalva "failed to exercise due diligence in pursuing her claim of ineffective assistance of counsel by delaying over 5 years in raising the issue." Penalva argues that the question of whether she exercised due diligence—as to warrant equitable tolling—is a question of law and not a factual determination. We disagree.

First, *Lugo-Resendez* strongly suggests that whether equitable tolling applies to a petitioner's motion to reopen is a question of fact.  In *Lugo-Resendez*, we declined "to determine whether the deadline should be equitably tolled in the instant case."  *Id.*  We explained that "the doctrine of 'equitable tolling does not lend itself to bright-line rules.'"  *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).  Rather, "'[c]ourts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'"  *Id.* at 344–45 (quoting *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)).  Accordingly, we remanded to the BIA to apply the appropriate equitable tolling standard because we concluded that "the record before the court is not sufficiently developed for us to engage in the fact-intensive determination of whether equitable tolling is appropriate." *Id.* at 344. (quoting *Rivera v. Quarterman*, 505 F.3d 349, 354 (5th Cir. 2007)).

---

[2] *Lugo-Resendez* was published while Penalva's case was pending.  The IJ and BIA determined that Penalva's motion was *not* subject to equitable tolling under then-current Fifth Circuit precedent.  Both still addressed the rest of the issues raised in Penalva's motion assuming *arguendo* that equitable tolling was available in Penalva's case.

No. 16-60286

In another recent case, we acknowledged that "whether equitable tolling applies to [a petitioner's] motion to reopen is a question of fact." *Dominguez v. Sessions*, 708 F. App'x 808, 812 (5th Cir. 2017). In *Dominguez*, the petitioner was removable because he was convicted of an aggravated felony, so we determined that we did not have jurisdiction to review whether equitable tolling applies to his motion to reopen. *Id.* Citing to *Lugo-Resendez*, we emphasized that the "inquiry is 'fact-intensive.'" *Id.* (quoting *Lugo-Resendez*, 831 F.3d at 344).

Moreover, several of our sister circuits have held that a petitioner's disagreement with the BIA's determination that the petitioner failed to exercise due diligence is barred from appellate review under § 1252(a)(2)(C). The Fourth Circuit explained its "jurisdiction does not extend to a simple disagreement with the Board's 'factual determination that [the petitioner] had not exercised due diligence.'" *Lawrence v. Lynch*, 826 F.3d 198, 203 (4th Cir. 2016) (quoting *Boakai v. Gonzales*, 447 F.3d 1, 4 (1st Cir. 2006)). Similarly, the First Circuit concluded that it has "no jurisdiction to review" a petitioner's challenge to a denial of a motion to reopen when a petitioner "simply disagrees" with the BIA's decision not to apply equitable tolling. *Boakai*, 447 F.3d at 4.

Here, Penalva does not allege that the BIA applied the wrong legal standard when it determined that Penalva "failed to exercise due diligence in pursuing her claim of ineffective assistance of counsel by delaying over 5 years in raising the issue" and did not toll the 90-day deadline. Instead, she disagrees with the BIA's determination that she did not exercise due diligence and contends that she acted diligently in attempting to reopen her removal proceedings. Penalva asks us "to engage in the fact-intensive determination of whether equitable tolling is appropriate." *Lugo-Resendez*, 831 F.3d at 344 (quoting *Rivera*, 505 F.3d at 354). We conclude that whether Penalva diligently pursued her rights is a question of fact. *See also Migis v. Pearle*

7

No. 16-60286

*Vision, Inc.*, 135 F.3d 1041, 1045 (5th Cir. 1998) (explaining in the Title VII context that a plaintiff has a duty to "mitigate her damages by using reasonable diligence to obtain substantially equivalent employment" and whether she has done so "is a question of fact").

Because the issue at hand is a question of fact and the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C) applies, we lack jurisdiction to consider Penalva's petition.[3]

## IV.

The petition for review is DISMISSED for lack of jurisdiction.

---

[3] Even assuming *arguendo* that we could review Penalva's petition, Penalva fails to offer an "'extraordinary circumstance' 'beyond [her] control'" that prevented her from complying with the statutory deadline, as required by our precedent. *Lugo-Resendez*, 831 F.3d at 344 (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). As such, this argument is forfeited, and Penalva's claim that she is entitled to equitable tolling necessarily fails. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 n. 1 (2017) ("Forfeiture is the failure to make the timely assertion of a right. . . .") (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)); *see also United States v. Scroggins*, 599 F.3d 433, 449 (5th Cir. 2010).