# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60628
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2018

Lyle W. Cayce
Clerk

Consolidated w/16-60850

JAVIER MEJIA, also known as Javier Majia,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A091 197 194

Before STEWART, Chief Judge and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:*

In consolidated petitions for review, Javier Mejia, a native and citizen of El Salvador, seeks review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the order of the immigration judge (IJ) denying his motion to reopen his immigration proceedings and the BIA's denial of his motion to reconsider the denial of the motion to reopen. He was ordered

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60628
c/w No. 16-60850

removed from the United States in 2004 based on his Texas conviction for cocaine possession, which constituted an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) and a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i). In 2014, Mejia moved to reopen his immigration proceedings because, under an intervening decision in *Lopez v. Gonzales*, 549 U.S. 47 (2006), his cocaine possession offense did not constitute an aggravated felony. The BIA dismissed Mejia's appeal of the IJ's denial of the motion to reopen and denied Mejia's motion to reconsider.

Mejia argues that the BIA erred in determining that there were insufficient grounds to apply the doctrine of equitable tolling to his motion to reopen, that the BIA erred in determining that Mejia remains removable for a controlled substance offense because he can still seek cancellation of removal, and that the BIA erred in finding that the case did not present exceptional circumstances warranting sua sponte reopening of the immigration proceedings.

Although the Immigration and Nationality Act confers on this court jurisdiction to review orders of removal, *see Silva-Trevino v. Holder*, 742 F.3d 197, 199 (5th Cir. 2014), "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" one of several criminal offenses, including those covered by § 1227(a)(2)(A)(iii) and (a)(2)(B). 8 U.S.C. § 1252(a)(2)(C). Nevertheless, § 1252(a)(2)(C) does not preclude judicial review of a petition for review's constitutional claims or questions of law. § 1252(a)(2)(D). We review de novo the issue whether we have jurisdiction to review the decision of the BIA, as well as issues concerning constitutional claims and questions of law. *Rodriguez v. Holder*, 705 F.3d 207, 210 (5th Cir. 2013).

No. 16-60628
c/w No. 16-60850

Regardless of the Supreme Court's decision in *Lopez*, Mejia remains removable due to his prior conviction for violating a controlled substance law under § 1227(a)(2)(B)(i). Therefore, under § 1252(a)(2)(C), we lack jurisdiction to review his claims other than for questions of law or constitutional claims. *See* § 1252(a)(2)(C), (D).

Mejia contends that this court retains jurisdiction to consider his challenges to the BIA's findings regarding his equitable tolling claim because equitable tolling involves mixed questions of law and fact. However, the issue whether a petitioner seeking equitable tolling of the deadline for filing a motion to reopen removal proceedings has diligently pursued his rights is a question of fact that this court lacks jurisdiction to consider. *See Penalva v. Sessions*, 884 F.3d 521, 524-26 (5th Cir. 2018). Mejia also contends that his argument that the BIA applied the equitable tolling rules too harshly under *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016), is a question of law that this court has jurisdiction to consider. This argument amounts to no more than Mejia's disagreement with the application of the equitable tolling standard, which is not reviewable. *See Penalva*, 884 F.3d at 524-26. There is also no indication in the record that the BIA applied an incorrect standard.

Additionally, Mejia contends that his motion for reconsideration raised a colorable constitutional claim alleging that his rights under the Equal Protection Clause were violated when he was charged with violating both § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B)(i) because other similarly situated lawful permanent residents were charged with violating only one of the two statutes. Even assuming that exhaustion of this claim was not required, Mejia's argument is unavailing. The Equal Protection Clause provides that similarly situated individuals must be treated similarly. *Sonnier v. Quarterman*, 476 F.3d 349, 367 (5th Cir. 2007). To bring a successful equal

No. 16-60628
c/w No. 16-60850

protection claim, Mejia must show that similarly situated persons were treated differently, and the unequal treatment resulted from discriminatory intent. *See Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). Mejia has not demonstrated that his claim meets these standards.

Mejia also challenges BIA's refusal to reopen his removal proceedings sua sponte based on counsel's ineffectiveness, a fundamental change in the law, and a gross miscarriage of justice. However, we lack jurisdiction to review a BIA's discretionary refusal to reopen a case sua sponte. *Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 & n.6 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 677 (2018).

In light of the foregoing, Mejia's petitions for review are DENIED.