# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60532
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 22, 2018

Lyle W. Cayce
Clerk

LORENZO CUETO-JIMENEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 753 526

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Lorenzo Cueto-Jimenez, a native and citizen of Mexico, was charged with being subject to removal and conceded removability. On June 6, 2012, Cueto-Jimenez failed to appear and was ordered to be removed in absentia. On July 6, 2012, Cueto-Jimenez filed a motion to reopen his deportation proceedings and rescind the in absentia deportation order, but the motion was denied. On June 27, 2016, Cueto-Jimenez filed a second motion to reopen. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60532

immigration judge (IJ) denied the second motion to reopen as time and number barred. The Board of Immigration Appeals (BIA) affirmed the IJ's denial of the second motion to reopen and dismissed the appeal. We review the BIA's order and consider the IJ's decision only if it influenced the BIA's determination. *Ojeda-Calderon v. Holder*, 726 F.3d 669, 672 (5th Cir. 2013).

In the petition for review, Cueto-Jimenez argues that the BIA erred in affirming the IJ's determination that his motion to reopen was time barred. We review an immigration court's denial of a motion to reopen removal proceedings "under a highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted). In the instant case, the BIA affirmed the IJ's conclusion that equitable tolling was inappropriate because Cueto-Jimenez did not act with due diligence by waiting more than four years following the in absentia order to file the second motion to reopen. There is nothing in Cueto-Jimenez's affidavit that would compel reversal of the determination that his second motion to reopen was time barred. *See Penalva v. Sessions*, 884 F.3d 521, 522, 525 (5th Cir. 2018); *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA did not abuse its discretion in affirming the IJ's determination that the second motion to reopen was time barred.

Given the foregoing, it is not necessary to address Cueto-Jimenez's argument that he established the extraordinary-circumstance prong for equitable tolling or his assertion that equitable tolling should apply to the numerical bar.

PETITION FOR REVIEW DENIED.