# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 16-60590
Summary Calendar

August 23, 2018

Lyle W. Cayce
Clerk

DWAYNE ANTHONY MYERS, also known as Dwayne A. Myers, also known
as Dwane Myers,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A040 086 785

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Dwayne Anthony Myers, a native and citizen of Jamaica, petitions this
court for review of the decision of the Board of Immigration Appeals (BIA)
affirming the denial by the Immigration Judge (IJ) of his motion to reopen
proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-60590

We review our subject matter jurisdiction de novo. *Garcia-Melendez v. Ashcroft*, 351 F.3d 657, 660 (5th Cir. 2003). We will review the BIA's order but also consider the IJ's reasoning to the extent it impacted the BIA's determination. *Hakim v. Holder*, 628 F.3d 151, 153 (5th Cir. 2010).

As an initial matter, Myers references his motion to reconsider throughout his brief but does not challenge the denial of that motion as time and number barred. Therefore, he has waived any challenge to that ruling. *See Sharma v. Holder*, 729 F.3d 411 n.1 (5th Cir. 2013).

Myers asserts that the IJ erred in construing his motion to reopen as regulatory and relying upon the departure bar under 8 C.F.R. § 1003.2(d) and 8 C.F.R. § 1003.23(b)(1) to deny it without consideration of equitable tolling. He argues that the 90-day deadline for filing a motion to reopen should be equitably tolled based on ineffective assistance of counsel and his diligence in pursuing his rights. Regardless of any error in the IJ's reliance on the departure bar and failure to address Myers's equitable tolling claim, the BIA addressed Myers's tolling argument and affirmed the IJ's determination that the motion was untimely. Moreover, we lack jurisdiction to consider Myers's equitable tolling claim. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Penalva v. Sessions*, 884 F.3d 521, 522, 525 (5th Cir. 2018).

The Government correctly argues that Myers has not exhausted his administrative remedies with regard to his claims that the BIA erred: (1) in reviewing his equitable tolling claim for "due diligence" rather than "reasonable diligence;" (2) by not considering that he was unable to file his motion to reopen any earlier than *Garcia-Carias v. Holder*, 697 F.3d 257 (5th Cir. 2012); and (3) by not considering all of the facts relevant to his claim that his counsel was ineffective. Because these arguments are unexhausted, we

lack jurisdiction to consider them. *See* § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 320-21 (5th Cir. 2009).

Myers contends that the denial of his motion to reopen and the refusal by the BIA to apply equitable tolling deprived him of his constitutional right to due process. This argument fails as an alien cannot establish a due process violation in the denial of a motion to reopen. *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 551 (5th Cir. 2006); *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). In addition, Myers has not shown that the BIA erred by declining to consider his applications for withholding of removal, asylum, and relief under the Convention Against Torture because he did not present those claims to the IJ, and the BIA is prohibited from factfinding in its consideration of appeals. *See* 8 C.F.R. § 1003.1(d)(3)(iv).

The claim by Myers that the IJ and BIA erred by conflating his request for equitable tolling with a request for a sua sponte reopening is without merit. The record establishes that the BIA and IJ did not conflate or confuse these two remedies. To the extent that Myers contends that the BIA's failure to exercise its discretion to reopen the removal proceedings sua sponte was error, we lack jurisdiction over such a claim. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004). Finally, we lack jurisdiction to review the factual question whether Myers complied with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See* § 1252(a)(2)(C)-(D).

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.