# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60333
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2018

Lyle W. Cayce
Clerk

PEDRO PABLO GUERRERO-LASPRILLA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A040 249 969

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

For the reasons that follow, our court lacks jurisdiction to consider whether Pedro Pablo Guerrero-Lasprilla acted with the required diligence to warrant equitable tolling.  Accordingly, his petition for review is dismissed.

Guerrero, a native and citizen of Colombia, was admitted to the United States in 1986 as an immigrant, but was removed in 1998 because of his felony convictions of conspiracy to possess with intent to distribute cocaine base and

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

possession with intent to distribute cocaine base.  In September 2016, Guerrero filed a motion to reopen, claiming the decision in *Matter of Abdelghany*, 26 I. & N. Dec. 254 (BIA 2014), rendered him eligible to seek relief under former Immigration and Nationality Act § 212(c); 8 U.S.C. § 1182(c) (repealed).

The immigration judge (IJ) denied the motion to reopen, determining, *inter alia*, the motion was not timely filed.  The IJ determined Guerrero was required by 8 C.F.R. § 1003.44(h) to have filed a special motion to seek relief under former § 212(c) on or before 25 April 2005.  The IJ concluded Guerrero had not shown he diligently pursued his rights, given that he waited two years to file his motion to reopen after his right to seek § 212(c) relief was explained in 2014 by *Matter of Abdelghany*.

On appeal, the Board of Immigration Appeals (BIA) adopted and affirmed the IJ's denial of the motion to reopen and dismissed the appeal.  Largely echoing the IJ's conclusions, the BIA determined "[t]he motion to reopen was untimely because it was not filed within 90 days of the final administrative decision".  The BIA upheld the IJ's conclusion that equitable tolling did not apply.  Further, the BIA specifically rejected Guerrero's contention that he could not have filed a motion to reopen prior to *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016).  Finally, the BIA determined that Guerrero's action did not warrant *sua sponte* reopening of the proceedings.

Guerrero contends the BIA abused its discretion in deciding not to *sua sponte* reopen his immigration proceeding.  Because this issue is raised for the first time in Guerrero's reply brief, we need not consider it.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  In any event, we lack jurisdiction to review the BIA's decision not to *sua sponte* reopen a proceeding.  *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248–50 (5th Cir. 2004).

No. 17-60333

Challenging the determination he was not entitled to equitable tolling, Guerrero asserts he could not have moved to reopen before *Lugo-Resendez* because any prior-filed motion would have been procedurally barred. He contends he was diligent by filing the motion to reopen 40 days after the *Lugo-Resendez* decision.

In our court, "the deadline for filing a motion to reopen under § 1229a(c)(7) is subject to equitable tolling". *Lugo-Resendez*, 831 F.3d at 343–44. Equitable tolling is warranted only if the litigant establishes "(1) he has been pursuing his rights diligently, and (2) . . . some extraordinary circumstance stood in his way and prevented timely filing". *Id.* at 344 (internal quotation marks and citation omitted).

Our court determined recently that, whether an alien acted diligently in attempting to reopen removal proceedings for purposes of equitable tolling is a factual question. *See Penalva v. Sessions*, 884 F.3d 521, 525 (5th Cir. 2018). Because Guerrero was removable on account of criminal convictions that qualified as aggravated felonies as well as violations of laws relating to controlled substances, we lack jurisdiction to consider the factual question of whether he acted with the requisite diligence to warrant equitable tolling. *See* 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i); 8 U.S.C. § 1252(a)(2)(C); *Penalva*, 884 F.3d at 525–26.

The decision for the above discussed equitable-tolling issue is dispositive of the instant petition for review. Therefore we need not consider Guerrero's contention that the BIA erred in determining he was required to file a special motion to seek relief. *See Guevara v. Gonzales*, 450 F.3d 173, 176 n.4 (5th Cir. 2006).

DISMISSED.