# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60658

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2019

Lyle W. Cayce
Clerk

JULIANA ADENIKE OGUNFUYE,

      Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

      Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A036-939-629

Before STEWART, Chief Judge, SOUTHWICK and ENGELHARDT, Circuit
Judges.

PER CURIAM:*

Juliana Adenike Ogunfuye petitions for review of the Board of
Immigration Appeals' denial of her motion to reopen. We conclude that we lack
jurisdiction to consider the issues raised and DISMISS her petition.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-60658

## FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Juliana Adenike Ogunfuye, is a Nigerian citizen who was admitted to the United States in 1980. In 1990, she was convicted in Texas state court for theft and forgery. In 2007, an immigration judge entered an order of removal and dismissed Ogunfuye's applications for relief as abandoned after she failed to submit biometric information. *Ogunfuye v. Holder*, 610 F.3d 303, 304-05 (5th Cir. 2010). The Board of Immigration Appeals ("BIA") upheld that order in 2009, we denied her petition for review of the BIA order in 2010, and Ogunfuye was deported to Nigeria shortly thereafter. *Id.*

In December 2016, Ogunfuye moved to reopen her removal proceedings at the BIA based on the alleged ineffectiveness of her prior counsel. *See Matter of Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988) (recognizing ineffective assistance claims). The motion alleged that she had been eligible for relief from removal based on the BIA's decision in *Matter of Abdelghany*, 26 I. & N. Dec. 254 (BIA 2014), but that her counsel's mistaken belief to the contrary and her counsel's failure to make a timely submission of biometric information prevented Ogunfuye from applying for that relief.

The BIA denied the motion as untimely. Ogunfuye petitioned this court for review of that denial.

## DISCUSSION

Since Ogunfuye's motion to reopen was filed nearly eight years after the BIA entered a final order of removal, a threshold question is whether she is entitled to equitable tolling of the 90-day statute of limitations. 8 U.S.C. § 1229a(c)(7)(C)(i); *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016). She must establish both that she pursued her rights with "reasonable

2

No. 17-60658

diligence" and that an "extraordinary circumstance" beyond her control prevented compliance. *Lugo-Resendez*, 831 F.3d at 344.

In denying her motion as untimely, the BIA concluded that equitable tolling was not warranted because she had "not established that she [had] been pursuing her rights diligently . . . and that some circumstance beyond her control prevented her from filing . . . within the statutory time limit."

Ogunfuye disputes these findings, but they are factual findings to which "the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C) applies" if her Texas theft conviction qualifies as an aggravated felony.[1] *Penalva v. Sessions*, 884 F.3d 521, 526 (5th Cir. 2018). If the bar applies, then we lack jurisdiction to consider Ogunfuye's challenge to the BIA's finding that she was not entitled to equitable tolling. *Id.*

To determine whether Ogunfuye's theft conviction constitutes an aggravated felony, we look no further than our prior 2010 decision concerning Ogunfuye's final order of removal. *Ogunfuye*, 610 F.3d at 307. There, Ogunfuye argued, among other things, that the immigration judge abused its discretion by denying a continuance. *Id.* The government, in turn, argued that the jurisdictional bar in Section 1252(a)(2)(C) precluded review because Ogunfuye was an aggravated felon. In her reply, Ogunfuye did not dispute that she was an aggravated felon but instead argued that the issue presented a question of law not subject to the jurisdictional bar. We ultimately held that "[a]s an aggravated felon, Ogunfuye is subject to § 1252(a)(2)(C)" and therefore this "court ha[d] no jurisdiction to reach her" arguments because they did "not present a constitutional claim or issue of law." *Id.*

---

[1] Relevant here, aggravated felonies are defined to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G); 8 U.S.C. § 1227(a)(2)(A)(iii).

We accept this prior holding as the law of the case. Our law of the case doctrine "generally precludes reexamination of issues of law or fact decided on appeal." *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 282 (5th Cir. 2011) (internal quotation marks and citation omitted). We see no compelling reason not to apply the prior panel's determination here.[2] Since this settles that Ogunfuye's conviction raises the jurisdictional bar of Section 1252(a)(2)(C), we do not address her arguments to the contrary.

Ogunfuye also contends that that the BIA applied the incorrect rule for equitable tolling by ignoring our decision in *Gonzalez-Cantu v. Sessions*, 866 F.3d 302 (5th Cir. 2017). Whether the BIA applied the correct standard is a question of law not subject to the Section 1252(a)(2)(C) jurisdictional bar. *Cf. Diaz v. Sessions*, 894 F.3d 222, 226 (5th Cir. 2018).

This issue is, however, still subject to the jurisdictional requirement that "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "This exhaustion requirement applies to all issues for which . . . (1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim." *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). When "the BIA's decision itself results in a new issue and the BIA has an available and

---

[2] Such a reason might have existed if the prior panel's decision was clearly erroneous and would work a manifest injustice. *Free v. Abbott Labs., Inc.,* 164 F.3d 270, 272 (5th Cir. 1999). But we find neither of these factors at play here. First, while Ogunfuye presents a credible argument that her Texas theft conviction may not constitute an aggravated felony, the panel's holding is not clearly erroneous given *United States v. Rodriguez-Salazar,* 768 F.3d 437 (5th Cir. 2014). Second, accepting the panel's determination will not create a manifest injustice. We evaluate the BIA's decision that Ogunfuye does not warrant equitable tolling using the "highly deferential abuse-of-discretion standard" — a standard that Ogunfuye's merits arguments do not overcome. *Lugo-Resendez,* 831 F.3d at 340 (internal quotation marks and citation omitted); *see also Penalva v. Sessions,* 884 F.3d 521, 526 n.3 (5th Cir. 2018).

adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration." *Id.* at 320.

This reasoning is applicable here. Ogunfuye challenges the legal standard the BIA applied in its denial of her motion to reopen. Since she did not first file a motion for reconsideration before the BIA, however, the issue is unexhausted and we lack jurisdiction to review it.

The petition is DISMISSED for lack of jurisdiction.