# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2019

Lyle W. Cayce
Clerk

No. 18-60441
Summary Calendar

SAN JUANA ALVAREZ-DE SAUCEDA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 374 218

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

San Juana Alvarez-De Sauceda is a native and citizen of Mexico who was removed to that country in 2008. In 2016 she filed an untimely motion to reopen her removal proceedings, arguing that her former attorney erroneously advised that she did not qualify for any relief from removal. The immigration judge (IJ) determined that Alvarez-De Sauceda had not established the due diligence necessary to warrant equitable tolling. The Board of Immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60441

Appeals (BIA) affirmed that decision and dismissed the appeal. Alvarez-De Sauceda now petitions for review of the BIA's decision.

We generally have jurisdiction to review a decision refusing to reopen a final order of removal. *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015). In this case, however, because Alvarez-De Sauceda was convicted of possessing a controlled substance, this court's review is limited to considering constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(C); *Diaz v. Sessions*, 894 F.3d 222, 226 (5th Cir. 2018).

Equitable tolling of 8 U.S.C. § 1229a(c)(7)'s 90-day deadline is warranted only if the litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016) (internal quotation marks and citation omitted). The due-diligence analysis is a factual one; we have jurisdiction only to consider a claim that the BIA applied an erroneous legal standard in performing that analysis. *See Diaz,* 894 F.3d at 226; *Penalva v. Sessions*, 884 F.3d 521, 525 (5th Cir. 2018). When the motion to reopen is based on a claim of ineffective assistance of counsel, a constitutional claim involving a mix of factual and legal questions, we have jurisdiction to review a decision that the extraordinary-circumstance prong was not met. *See Diaz*, 894 F.3d at 226. Only the due-diligence prong is at issue here. We review the BIA's decision but may review the IJ's decision where, as here, that decision had some impact on the BIA's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

First, Alvarez-De Sauceda maintains that the BIA erred in failing to give due consideration to the reality of many departed aliens as stated in *Lugo-Resendez*, 831 F.3d at 344-45. However, "the doctrine of equitable tolling does not lend itself to bright-line rules," *id.* at 344 (internal quotation marks and

2

citation omitted), and the reality of Alvarez-De Sauceda's situation varies greatly from that of Lugo-Resendez. Second, Alvarez-De Sauceda contends that the BIA considered impermissible factors. Contrary to her assertion, nothing in *Lugo-Resendez* confines the BIA's due-diligence analysis to the actions she took prior to her motion to reopen. Further the facts of her quick return to this country and her criminal history are relevant to the BIA's due-diligence analysis as they informed the question whether she was unaware of her potential rights or unable to take reasonable steps to pursue those rights. Third, Alvarez-De Sauceda contends that the BIA failed to take into account crucial and relevant evidence regarding the actions she took after learning that she had grounds for reopening her immigration proceedings. Although the BIA's decision in this regard was succinct, it agreed with the IJ's extensive factual analysis and legal conclusions. This was permissible. *See Mikhael*, 115 F.3d at 302. Alvarez-De Sauceda has not shown any legal error attendant to the BIA's due-diligence analysis, and this claim is denied. To the extent that the claim raises any factual issues, it is dismissed for lack of jurisdiction.

Likewise, we deny Alvarez-De Sauceda's claim that the IJ violated her Fifth Amendment right to due process at the hearing on her motion to reopen by being biased against her. "[N]o liberty interest exists in a motion to reopen, and therefore due process claims are not cognizable in the context of reopening proceedings." *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019).

Finally, Alvarez-De Sauceda argues that the BIA committed legal error in affirming the IJ's decision that sua sponte reopening of her proceedings was not warranted. Despite our long-held position that we lack jurisdiction to consider the denial of a sua sponte, *i.e.*, regulatory, motion to reopen, *see Diaz*, 894 F.3d at 228; *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004), *overruled on other grounds by Mata*, 135 S. Ct. at 2155-56, she insists

that grounds exist for exercising such jurisdiction. One panel of this court may not overrule another panel absent an intervening en banc decision of this court or a decision of the Supreme Court. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Thus, the claim challenging the denial of Alvarez-De Sauceda's sua sponte motion to reopen is dismissed for lack of jurisdiction.

In light of the foregoing, the petition for review is DENIED IN PART and DISMISSED IN PART.