# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 23, 2019

Lyle W. Cayce
Clerk

No. 18-60504
Summary Calendar

EMILIO TREVINO,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A013 536 911

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Emilio Trevino was removed from the United States in 2004, based on his conviction of an aggravated felony in 1991. He filed a motion to reopen his removal proceedings in 2017. He petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the order of the Immigration Judge (IJ) denying his motion to reopen removal proceedings. The BIA found

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60504

that Trevino's motion was untimely and declined to exercise its sua sponte discretion to reopen the removal proceedings.

Trevino argues that the IJ and BIA erred in denying his motion to reopen as untimely. He contends that he invoked equitable tolling by arguing for estoppel by laches, misrepresentation, and negligence, arguing that the Government is estopped from invoking the statute of limitations where its own fraudulent conduct in his criminal proceedings has prevented him from filing his motion to reopen within the applicable period.

We have jurisdiction to review a request for equitable tolling of a motion to reopen. *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015). However, we lack jurisdiction to review a removal order against an alien who is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) due to the commission of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C); *see Arce-Vences v. Mukasey*, 512 F.3d 167, 170 (5th Cir. 2007). Section 1252(a)(2)(C) also bars review of the denial of a motion to reopen any such removal order. *See Diaz v. Sessions*, 894 F.3d 222, 226 (5th Cir. 2018); *Assaad v. Ashcroft*, 378 F.3d 471, 474 (5th Cir. 2004). We retain jurisdiction to review constitutional claims or questions of law. § 1252(a)(2)(D); *Diaz*, 894 F.3d at 226.

In determining whether equitable tolling is appropriate, "[c]ourts must consider the individual facts and circumstances of each case." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344-45 (5th Cir. 2016). We have held that whether an alien acted diligently in attempting to reopen removal proceedings for purposes of equitable tolling is a factual question. *Penalva v. Sessions*, 884 F.3d 521, 525 (5th Cir. 2018). When the application of the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(C) turns on questions of fact, we do not have jurisdiction to consider petition for review. *Penalva*, 884 F.3d at 526.

No. 18-60504

The IJ and the BIA found that Trevino had not established that equitable tolling was warranted.  They made this determination even though Trevino had not actually raised a clear claim of equitable tolling supported by any facts in his motion to reopen or his brief to the BIA.  As he does now, his arguments regarding the statute of limitations were made in terms of "estoppel" based on the conduct of the Government in his criminal proceedings which he contended prevented the Government from invoking the statute of limitations.

In view of the applicability of the jurisdictional bar in Section 1252(a)(2)(C), and considering that Trevino raises no constitutional claim or question of law challenging the IJ's and BIA's determinations that he had not established equitable tolling, we lack jurisdiction to consider the factual question whether Trevino acted diligently in attempting to reopen his removal proceedings.  *See Penalva*, 884 F.3d at 524-26.  This portion of his petition for review is DISMISSED.

Trevino also invokes the immigration court's regulatory power to sua sponte reopen proceedings under 8 C.F.R. § 1003.23(b) and 8 C.F.R. § 1003.2. He argues that the BIA abused its discretion by failing to reopen his case in violation of the regulations.  We lack jurisdiction to review the BIA's decision not to exercise its discretion to grant Trevino's motion to reopen sua sponte. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004).  That precedent was not altered by *Mata* or *Kucana v. Holder*, 558 U.S. 233, 242-253 (2010).  *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206-07 & n.3 (5th Cir. 2017).  This portion of his petition is therefore DISMISSED.  *See Hernandez-Castillo*, 875 F.3d at 209.

Trevino argues that the BIA abused its discretion by failing to take into account his claim of ineffective assistance of trial counsel in his criminal proceedings based on counsel's failure to inform him that his guilty plea carried

3

a risk of deportation in violation of *Padilla v. Kentucky*, 559 U.S. 356 (2010); his trial counsel's collusion with the Government to coerce him to plead guilty under a plea agreement without advising him of the sentence he was likely to receive; and his trial counsel's failure to file a motion to suppress evidence obtained as a result of his illegal arrest (exclusionary rule).  He also alleges a violation of the Speedy Trial Act.[1]

Even if these arguments pose a constitutional claim that we may review, the IJ and BIA did not abuse their discretion in denying Trevino's motion to reopen on the basis that his guilty plea was invalid due to ineffective assistance of counsel.  Trevino's argument that his conviction should not form the basis for his removal because counsel rendered ineffective assistance in connection with the conviction is essentially a collateral attack on a prior conviction. "Once the conviction becomes final, it provides a valid basis for deportation unless it is overturned in a judicial post-conviction proceeding." *See Brown v. INS*, 856 F.2d 728, 731 (5th Cir. 1988); *see also Zinnanti v. INS*, 651 F.2d 420, 421 (5th Cir. 1981). *Padilla* did not involve an appeal of an adverse immigration decision and thus does not indicate that an alien in immigration proceedings may collaterally attack his prior conviction by pursuing a claim of ineffective assistance of counsel. *See Padilla*, 559 U.S. at 359-75.

DISMISSED IN PART AND DENIED IN PART.

---

[1] Although he states the issue regarding his eligibility for a waiver under INA § 212(c), 8 U.S.C. § 1182(c), in his petition for review, Trevino has not raised or briefed any issue relating to his eligibility for a Section 212(c) waiver in his brief.  By failing to brief this issue, Trevino has waived or abandoned it. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (issues not addressed in the petition for review and brief are waived).